**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

HENRY ROBERT LISBEY,
                        *Petitioner,*

v.

ALBERTO GONZALES, Attorney
General,

                        *Respondent.*

No. 04-70557

Agency No.
A24-902-889

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted
April 7, 2005—Pasadena, California

Filed August 22, 2005

Before: Mary M. Schroeder, Chief Judge, Harry Pregerson,
and Stephen S. Trott, Circuit Judges.

Opinion by Chief Judge Schroeder

10973

## COUNSEL

Allan Ides, Loyola Law School, Los Angeles, California, for the petitioner.

Russell Verby and Carol Federighi, Office of Immigration Litigation, Washington, D.C., for the respondent.

## OPINION

SCHROEDER, Chief Judge:

Henry Robert Lisbey petitions for review of the Board of Immigration Appeal's ("BIA") dismissal of his appeal from

an Immigration Judge's ("IJ") decision finding him removable as an alien convicted of an aggravated felony. At issue in this appeal is whether the crime of sexual battery under California Penal Code § 243.4(a) constitutes an "aggravated felony" authorizing removal of an alien pursuant to § 237(a)(2)(A)(iii) of the federal Immigration and Nationality Act ("INA"), 8 U.S.C. § 1227(A)(2)(A)(iii).

We hold that the crime is an aggravated felony because it requires the intimate touching of another person while that person is under unlawful restraint, and thus involves a "substantial risk" that physical force against that person may be used within the meaning of 18 U.S.C. § 16(b). Therefore we must deny the petition for review.

Lisbey is a native and citizen of Belize who has been a legal resident of the United States since 1982. In 2000, Lisbey pleaded guilty to sexual battery under California Penal Code § 243.4(a). That section provides:

> Any person who touches an intimate part of another person while that person is unlawfully restrained by the accused or an accomplice, and if the touching is against the will of the person touched and is for the purpose of sexual arousal, sexual gratification, or sexual abuse, is guilty of sexual battery.

Lisbey was sentenced to three years in prison.

In 2003, the Immigration and Naturalization Service ("INS") served Lisbey with a Notice to Appear, alleging he was removable from the United States. The INS charged that Lisbey's conviction under California Penal Code § 243.4(a) constituted an aggravated felony, specifically a crime of violence, for which he was removable under INA § 237(a)(2) (A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii).

Under INA § 237(a)(2)(A)(iii), any alien who is convicted of an aggravated felony at any time after admission is remov-

able. An aggravated felony includes "a crime of violence . . . for which the term of imprisonment [is] at least one year." INA § 101(a)(43)(F), 8 U.S.C. § 1101(a)(43)(F). Title 18 U.S.C. § 16, in turn, defines the term "crime of violence" to mean:

> (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

> (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

The IJ concluded that a violation of California Penal Code § 243.4(a) constituted a "crime of violence" within the meaning of 18 U.S.C. § 16(b), because there is a substantial likelihood that the perpetrator will use force against the victim. Therefore, the IJ held that Lisbey was removable as charged. The BIA affirmed the decision in a brief opinion by a single member of the BIA. The BIA emphasized that the sexual touching under the California sexual battery statute must be committed against the victim's will and by restraint, thereby creating a substantial risk of resistance by the victim and the use of physical force by the perpetrator. Lisbey appealed. We have jurisdiction to review questions of law presented in petitions for review of final orders of removal. REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231, § 106(a)(1)(A)(iii); *see also Fernandez-Ruiz v. Gonzales*, 410 F.3d 585, 587 (9th Cir. 2005).

**[1]** In determining whether a conviction constitutes a "crime of violence" under § 16, the court must look "to the elements and the nature of the offense of conviction, rather than to the particular facts relating to petitioner's crime." *Leocal v. Ashcroft*, 125 S. Ct. 377, 381 (2004). *See also Tokatly v. Ashcroft*, 371 F.3d 613, 620 (9th Cir. 2004). Thus, the court

must look to the statutory definition of the prior offense. *See Tokatly*, 371 F.3d at 620; *Singh v. Ashcroft*, 386 F.3d 1228, 1232 (9th Cir. 2004).

**[2]** The statutory definition of sexual battery under California Penal Code § 243.4(a) provides that a person "who touches an intimate part of another person while that person is unlawfully restrained by the accused or an accomplice, and if the touching is against the will of the person touched and is for the purpose of sexual arousal, sexual gratification, or sexual abuse, is guilty of sexual battery." The statute has no requirement of actual or threatened physical force and is therefore not a "crime of violence" within the meaning of § 16(a).

**[3]** The issue is whether the offense of sexual battery constitutes a "crime of violence" under § 16(b), which requires that the offense be a felony that, "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." This offense is a felony under California law. *See* Cal. Penal Code § 17. This circuit has not yet decided whether the commission of the offense of sexual battery is likely to involve a "substantial risk" of the use of "physical force" within the meaning of § 16(b).

We have recent guidance from the United States Supreme Court, however. It interpreted § 16(b) in *Leocal v. Ashcroft*, 125 S. Ct. 377 (2004). The Court held that the crime of "driving under the influence of alcohol and causing serious bodily injury" did not involve a substantial risk that physical force against the person or property of another may be used in the course of committing the offense, as required under § 16(b). *Id.* at 379. The Court stated that the ordinary meaning of the term "crime of violence," combined with the emphasis in § 16 on the use of physical force or the risk of having to use such physical force, suggests a category of violent, active crimes that cannot include the accidental or negligent conduct

involved in that case. *Id.* at 383. *See also Lara-Cazares v. Gonzales*, 408 F.3d 1217, 1220-22 (9th Cir. 2005).

**[4]** By way of contrast, the Supreme Court pointed out that the crime of burglary would be a crime of violence under § 16(b) because "burglary, by its nature, involves a substantial risk that the burglar will use force against a victim in completing the crime." *Id.* at 383. *See also United States v. Becker*, 919 F.2d 568, 571 (9th Cir. 1990). This court has previously analogized sexual offenses to burglary for purposes of the crime of violence analysis, because of the risk of violent confrontation. *See United States v. Wood*, 52 F.3d 272, 276 (9th Cir. 1995) (offense of indecent liberties with minor); *see also Sutherland v. Reno*, 228 F.3d 171, 176-77 (2d Cir. 2000) (offense of indecent assault and battery). The analogy is apt in this case, as well. As the BIA pointed out, the statutory definition of sexual battery requires that the sexual touching not only be committed against the victim's will, but also by the restraint of the victim. We agree with the BIA that under these circumstances, there is a substantial risk of the use of physical force. The fact that it is possible to commit the offense without the use of physical force does not take the offense outside the realm of § 16(b), so long as the substantial risk is present. *See Leocal*, 125 S. Ct. at 383.

**[5]** All of the circuits to address this question have similarly concluded that sexual battery is a "crime of violence" under § 16(b). In *Zaidi v. Ashcroft*, 374 F.3d 357 (5th Cir. 2004), the Fifth Circuit had "little difficulty in concluding" that an offense under a similar sexual battery statute created a substantial risk that physical force may be used. *Id.* at 361. The court viewed the non-consent of the victim as the touchstone for its conclusion that the offense involves substantial risk of the use of physical force. *Id.* The Second and Tenth Circuits have reached the same conclusion, using similar reasoning. *Sutherland*, 228 F.3d at 176-77; *United States v. Reyes-Castro*, 13 F.3d 377, 379 (10th Cir. 1993).

Lisbey relies on the Supreme Court's statement in *Leocal* that § 16 encompasses only a "category of violent, active crimes." 125 S. Ct. at 383. Lisbey argues that § 16(b) includes only offenses that are of the order or magnitude of offenses included under § 16(a), which requires the use of actual, attempted, or threatened force. However, the Court in *Leocal* was addressing whether a crime that could be committed with a mental state of negligence or less would be a crime of violence under § 16. *Id.* at 383-84. The Court did not define what crimes were covered by the statute, nor did it suggest that sexual battery would be outside the statute.

Lisbey also asks us to conclude that § 16 is ambiguous and to apply the rule of lenity to construe the ambiguities in favor of the petitioner. *See Leocal*, 125 S. Ct. at 384. Courts should not deem a statute "ambiguous" for purposes of lenity merely because it is possible to articulate a construction more narrow than that urged by the Government. *Moskal v. United States*, 498 U.S. 103, 108 (1990). Instead, courts have "reserved lenity for those situations in which a reasonable doubt persists about a statute's intended scope even *after* resort to the language and structure, legislative history, and motivating policies of the statute." *Id.* (citation and internal quotation marks omitted). This is not such a case. The meaning of this statute is clear.

Finally, Lisbey points out that sexual battery is not on California's list of "violent" felonies for sentencing purposes, *see* California Penal Code § 667.5(c), and is excluded from the state's list of violent sex crimes, *see* California Penal Code § 220. He contends the offense is therefore nonviolent in nature for purposes of federal immigration law.

**[6]** This circuit has noted that when a state defines a crime as a "violent felony," we may decide that a crime is a crime of violence under § 16. *See Ruiz-Morales v. Ashcroft*, 361 F.3d 1219, 1222 (9th Cir. 2004); *see also Wood*, 52 F.3d at 276. However, the fact that California does not list sexual bat-

tery as a "violent" crime is not dispositive of the issue here. Section 16(b) requires only a substantial risk that force will be used in the commission of the offense. California's list of "violent" crimes for sentencing purposes does not include all crimes that carry a substantial risk of force.

**[7]** Sexual battery under California Penal Code § 243.4(a) does carry a substantial risk of force and is therefore a crime of violence for purposes of § 16(b), and an aggravated felony under INA § 237(a)(2)(A)(iii). INA § 101(a)(43)(F), 8 U.S.C. § 1101(a)(43)(F). Accordingly, Lisbey is removable pursuant to INA § 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii).

PETITION DENIED.