**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

VICTOR B. VALENCIA,
                          *Petitioner,*

v.

ALBERTO R. GONZALES,* Attorney
General,
                          *Respondent.*

No. 03-72028

Agency No.
A70-972-808

ORDER AND
OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted
December 9, 2004—San Francisco, California

Filed December 12, 2005

Before: Diarmuid F. O'Scannlain, Robert E. Cowen,** and
Carlos T. Bea, Circuit Judges.

Opinion by Judge Bea

---

*Alberto R. Gonzales is substituted for his predecessor, John Ashcroft,
as Attorney General of the United States, pursuant to Fed. R. App. P.
43(c)(2).

**The Honorable Robert E. Cowen, Senior United States Circuit Judge
for the Third Circuit, sitting by designation.

16219

## COUNSEL

James Todd Bennett, El Cerrito, California, for the petitioner.

Peter D. Keisler, Donald E. Keener, Greg D. Mack, Office of Immigration Litigation, Washington, D.C., for the respondent.

## ORDER

The petition for rehearing and rehearing en banc is DENIED as moot. The opinion filed on May 12, 2005, and reported at 406 F.3d 1154, is hereby withdrawn, and replaced by the opinion filed concurrently with this order. Further petitions for rehearing and for rehearing en banc will be accepted, and the time for filing petitions for rehearing shall run anew commencing on the filed date of the substituted opinion. *See* Fed. R. App. P. 40(a)(1) and 35(c).

## OPINION

BEA, Circuit Judge:

Victor Valencia, a native and citizen of Peru, petitions for review from the Board of Immigration Appeals' ("BIA") order summarily affirming the Immigration Judge's ("IJ") order of removal. Valencia was convicted of felony[1] unlawful sexual intercourse with a person under eighteen, who was more than three years younger than he, in violation of California Penal Code section 261.5(c). The IJ found Valencia removable for having committed an aggravated felony under 8 U.S.C. § 1227(a)(2)(A)(iii), holding the crime constituted a crime of violence under 8 U.S.C. § 1101(a)(43)(F), which defines a crime of violence pursuant to 18 U.S.C. § 16. Our jurisdiction is controlled by 8 U.S.C. § 1252. We grant the petition for review and hold that California Penal Code section 261.5(c) is not a crime of violence under 18 U.S.C. § 16.

I

On May 29, 1997, Valencia pleaded guilty to a felony violation of California Penal Code section 261.5(c). He was sen-

---

[1]A violation of section 261.5(c) can be charged as either a misdemeanor or a felony. Here, it was charged as a felony.

tenced to five years in state prison, but the imposition of his sentence was suspended, and he was placed on five years probation, on the condition that he serve one year in the county jail. At the change of plea hearing, the judge specifically advised, and Valencia acknowledged, that this conviction could be used to deport him.

Valencia was charged in the notice to appear with being removable as an aggravated felon for committing sexual abuse of a minor under 8 U.S.C. § 1101(a)(43)(A), and for committing a crime of violence under 8 U.S.C. § 1101(a)(43)(F).

## II

The IJ found Valencia removable as an aggravated felon under 8 U.S.C. § 1227(a)(2)(A)(iii), holding that the crime constituted a crime of violence under 8 U.S.C. § 1101(a)(43)(F), as defined in 18 U.S.C. § 16.

Our cases deciding whether a violation of California Penal Code section 261.5(c) is an aggravated felony usually decide the case by evaluating whether it constitutes sexual abuse of a minor in violation of 8 U.S.C. § 1101(a)(43)(A).[2] But here, the IJ dismissed the 8 U.S.C. § 1101(a)(43)(A) charge. The government does not cross-appeal such dismissal.

At the hearing on the merits, Valencia sought to apply for an adjustment of status from that of an illegal alien to that of

[2]Under this court's case law, sexual intercourse with a minor constitutes "sexual abuse of a minor." *See United States v. Granbois*, 376 F.3d 993, 996 (9th Cir. 2004); *United States v. Pereira-Salmeron*, 337 F.3d 1148, 1149 (9th Cir. 2003) (conviction under Virginia law for "carnal knowledge" without use of force of a child between the ages of 13 and 15 is "sexual abuse of a minor"); *see also United States v. Baron-Medina*, 187 F.3d 1144, 1147 (9th Cir. 1999) (use of young children for the gratification of sexual desires is conduct that falls within the common, everyday meaning of "sexual abuse of a minor").

a legal permanent resident based on his marriage to a United States citizen. Having ruled that Valencia's conviction constituted a prior conviction of a crime of violence, the IJ did not determine whether Valencia's conviction also constituted a crime of moral turpitude, thus barring his application for an adjustment of status.

The BIA summarily affirmed the IJ's ruling.

## III

We do not have jurisdiction to review the propriety of any final order of removal against an alien who is ordered removed for having committed an aggravated felony covered in 8 U.S.C. § 1227(a)(2)(A)(iii). 8 U.S.C. § 1252(a)(2)(C); *Flores-Miramontes v. INS,* 212 F.3d 1133 (9th Cir. 2000); *Aragon-Ayon v. INS*, 206 F.3d 847, 849-50 (9th Cir. 2000). We do, however, have jurisdiction to consider the limited question whether a crime is an aggravated felony. *Cedano-Viera v. Ashcroft*, 324 F.3d 1062, 1065 (9th Cir. 2003). For the reasons discussed below, we hold that Valencia's crime was not an aggravated felony.

## IV

**[1]** Under the "categorical approach" laid out in *Taylor v. United States*, 495 U.S. 575 (1990), a violation of section 261.5(c) qualifies as a crime of violence and hence an aggravated felony, "if and only if the full range of conduct covered by it falls within the meaning of that term." *United States v. Baron-Medina*, 187 F.3d 1144, 1146 (9th Cir. 1999) (citation omitted).

**[2]** Under 8 U.S.C. § 1227(a)(2)(A)(iii) "an alien who is convicted of an aggravated felony at any time is deportable." 8 U.S.C. § 1101(a)(43)(F) defines an aggravated felony as "a crime of violence (as defined in section 16 of Title 18, but not

including a purely political offense) for which the term of imprisonment [is] at least one year."

**[3]** Section 16 of Title 18 in turn defines a crime of violence as:

> (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (b) any other offense that is a felony and that, by its nature, involves **a substantial risk that physical force against the person or property of another may be used in the course of committing the offense**.

18 U.S.C. § 16 (emphasis added). The "physical force" necessary to constitute a crime of violence under 18 U.S.C. § 16(b) must be violent in nature. *Ye v. INS*, 214 F.3d 1128, 1133 (9th Cir. 2000).

The statute to which Valencia pleaded guilty provided:

> Any person who engages in an act of unlawful sexual intercourse with a minor who is more than three years younger than the perpetrator is guilty of either a misdemeanor or a felony, and shall be punished by imprisonment in a county jail not exceeding one year, or by imprisonment in the state prison.

Cal. Penal Code § 261.5(c) (1997).

Section 261.5(c) does not have "as an element the use, attempted use, or threatened use of [violent] physical force against the person or property of another." 18 U.S.C. § 16(a). Therefore, under the *Taylor* categorical approach, we consider whether the "full range of conduct" covered by section 261.5(c), *see Barona-Medina*, 187 F.3d at 1146, "involves a substantial risk that physical force against the person or prop-

erty of another may be used in the course of committing the offense." 18 U.S.C. § 16(b).

**[4]** The Supreme Court has recently interpreted § 16(b) to require that the offense involve the risk that the offender will "actively employ[ ]" physical force in committing the offense. *See Leocal v. Ashcroft*, 125 S. Ct. 377, 382 (2004). "The reckless disregard in § 16 relates *not* to the general conduct or to the possibility that harm will result, but to the risk that the use of physical force against another might be required in committing a crime." *Id.* at 383. Thus, the Court held that the offense of negligently driving under the influence was not a crime of violence under § 16. *Id.*

In *Lisbey v. Gonzales*, 420 F.3d 930, 933 (9th Cir. 2005), we court held that sexual battery was a crime of violence under § 16(b). *Lisbey* involved California. Penal Code section § 243.4(a), which proscribes the touching of "an intimate part of another person while that person is unlawfully restrained by the accused or an accomplice . . . , and if the touching is against the will of the person touched and is for the purpose of sexual arousal, sexual gratification, or sexual abuse . . ." Cal. Penal Code section 243.4(a) (West 2005). *Id.* at 932. We held such an offense was categorically a crime of violence, affirming the BIA's conclusion that "sexual touching . . . against the victim's will" and "by restraint of the victim" involves a substantial risk of physical force. *Lisbey*, 420 F.3d *Id.* at 933. This court also noted that "non-consent of the victim" was the "touchstone" in conducting this analysis. *Id.* (citing approvingly *Zaidi v. Ashcroft*, 374 F.3d 357 (5th Cir. 2004)).

**[5]** California. Penal Code section 261.5(c), by contrast, criminalizes consensual sexual intercourse with a victim under eighteen by a perpetrator three years older. Since liability can attach even if the victim voluntarily engages in sexual intercourse, section 2261.5(c) does not involve an act "against the will" of the victim. Furthermore, it has no element of

restraint or other aggravating factors that suggest the likely use of physical force in committing the offense.

**[6]** The government argues that a minor's inability to give legal consent automatically renders section 261.5(c) a "crime of violence" under § 16(b). We find this argument unconvincing for two reasons. First, under California law, it is questionable that persons under eighteen are incapable of giving legal consent to sexual relations. *See People v. Tobias*, 25 Cal.4th 327, 333-34 (2001) (in enacting section 261.5(c) as a separate provision from ordinary statutory rape statute, the Legislature "implicitly acknowledged that, in some cases at least, a minor may be capable of giving legal consent to sexual relations"). Furthermore, the victim's legal incapacity, as opposed to her actual non-consent, sheds little light on whether the act falls within the category of active, violent crimes penalized by § 16. *See United States v. Houston*, 364 F.3d 243, 247 (5th Cir. 2004) (reasoning that statutory rape was not a crime of violence under U.S.S.G. § 4B1.2(a)(2) because "that a 16 year old female can consent factually—if not legally—to sexual contact . . . diminish[es] the likelihood that the offense will cause serious physical injury"). When the victim actually consents to the sexual contact, it cannot reasonably be said that there is a substantial risk that physical force "might be *required* in committing the crime." *Leocal*, 125 S. Ct. at 383 (emphasis added).

**[7]** Several circuits have held that, absent aggravating factors, statutory rape is not categorically a crime of violence under several crime of violence provisions, including § 16(b). *See Xiong v. INS*, 173 F.3d 601, 607 (7th Cir. 1999) (holding that, "[a]bsent a substantial age difference," "consensual sex between a boyfriend and his fifteen year old girlfriend" is not a crime of violence under § 16(b)); *see also United States v. Sawyers*, 409 F.3d 732, 741 (6th Cir. 2005) (unlawful sexual contact between a twenty-year-old perpetrator and sixteen-year-old victim not a crime of violence under the Armed Career Criminal Act). These cases have stressed the absence

of empirical evidence that sex is physically dangerous to girls in their late teens, *see United States v. Thomas*, 159 F.3d 296, 299 (7th Cir. 1998), and emphasized that the intent of statutory rape laws is not to protect minors from dangerous sexual activity, *see Houston*, 364 F.3d at 248. For the same reasons, we decline to infer a substantial risk that physical force will be used solely from a minor's incapacity to give legal consent to sexual intercourse.

**[8]** While cases in other circuits have held to the contrary, those cases have generally involved victims under sixteen or aggravating factors such as incest or misuse of authority. *See Chery v. Ashcroft*, 347 F.3d 404, 408 (2d Cir. 2003) (reasoning that the offense involved a risk of physical force because of aggravating factors such as a substantial age difference); *Shannon v. United States*, 110 F.3d 382, 386 (7th Cir. 1997) (en banc) (collecting cases). By contrast, consensual, nonforcible sexual intercourse between a seventeen-year-old and twenty-one-year old does not pose the same "implicit" risk of violence. *Cf. Wood v. United States*, 52 F.3d 272, 275 (9th Cir. 1995) (holding "indecent liberties" with a five-year-old to be a crime of violence under U.S.S.G. § 4B1.2(a) because of "the risk of violence [that] is implicit in the size, age and authority of the adult in dealing with a child"). We therefore conclude that, absent aggravating factors such as incest or a substantial age difference, a violation of section 261.5(c) does not, "by its nature, involve[ ] a substantial risk that [violent] physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 16(b); *Ye*, 214 F.3d at 1133.

**[9]** Accordingly, Valencia's conviction under section 261.5(c) was not an aggravated felony under 8 U.S.C. § 1101(a)(43)(F). We grant his petition for review and find the BIA erred in determining that he was removable under 8 U.S.C. § 1227(a)(2)(A)(iii).[3]

---

[3]Because we conclude that Valencia is not removable under the grounds charged, we need not consider whether his conviction constituted a crime of moral turpitude that would make him ineligible to adjust status under 8 U.S.C. § 1255(a).

**PETITION FOR REVIEW GRANTED, CASE REMANDED TO THE BIA.**