**Victor Hugo JUAREZ, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 04–74350.**

United States Court of Appeals, Ninth Circuit.

Submitted March 8, 2006.*

Decided March 15, 2006.

Carolyn E. Reinholdt, Esq., San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, San Francisco, CA, Terri J. Scadron, Esq., Earle B. Wilson, Esq., Washington, DC, for Respondent.

Before: CANBY, BEEZER, and KOZINSKI, Circuit Judges.

MEMORANDUM **

Victor Hugo Juarez, a native and citizen of Mexico, petitions for review of the

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Board of Immigration Appeals' summary affirmance without opinion of an immigration judge's ("IJ") removal order. We have jurisdiction pursuant to 8 U.S.C. § 1252. *Parrilla v. Gonzales,* 414 F.3d 1038, 1040 (9th Cir.2005). Reviewing de novo, *Altamirano v. Gonzales,* 427 F.3d 586, 591 (9th Cir.2005), we deny the petition for review.

Juarez contends that his conviction for corporal injury on his spouse in violation of California Penal Code § 273.5(a) was not a crime of domestic violence under 8 U.S.C. § 1227(a)(2)(E)(i), because "there are no facts in the record demonstrating that [he] committed any more than a mere offensive touching." Applying the categorical approach required by *Taylor v. United States,* 495 U.S. 575, 600, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), *see Tokatly v. Ashcroft,* 371 F.3d 613, 624 (9th Cir.2004), we conclude that section 273.5(a) punishes conduct that "is likely to involve a 'substantial risk' of the use of 'physical force' within the meaning of [18 U.S.C.] § 16(b)." *Lisbey v. Gonzales,* 420 F.3d 930, 932 (9th Cir.2005); *cf. United States v. Jimenez,* 258 F.3d 1120, 1125 (9th Cir.2001) ("Jimenez does not, nor could he reasonably, dispute that inflicting corporal injury on his spouse involved the use of violence."). We therefore conclude that the IJ correctly determined that Juarez's conviction constitutes a crime of domestic violence that renders Juarez ineligible for cancellation of removal pursuant to 8 U.S.C. § 1229b(b)(1)(C).

**PETITION FOR REVIEW DENIED.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.