**Salvador MATIAS–SALVADOR, aka: Renigio Salvador Matias–Salvador, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 06–71458.

United States Court of Appeals, Ninth Circuit.

Submitted April 16, 2007 *.

Filed April 24, 2007.

Salvador Matias–Salvador, Yucca Valley, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, OIL, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: GRABER, CLIFTON, and BEA, Circuit Judges.

MEMORANDUM **

Salvador Matias–Salvador, a native and citizen of Guatemala, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's removal order. We have jurisdiction pursuant to 8 U.S.C. § 1252. *Parrilla v. Gonzales,* 414 F.3d 1038, 1040 (9th Cir.2005). Reviewing de novo, *Altamirano v. Gonzales,* 427 F.3d 586, 591 (9th Cir.2005), we deny the petition for review.

Matias–Salvador contends that, under the modified categorical approach, his conviction for violating California Penal Code § 273.5(a) was not a crime of domestic violence as defined in 8 U.S.C. § 1227(a)(2)(E)(i). The BIA was not required to apply the modified categorical approach, however, because section 273.5(a) categorically punishes "domestic" conduct that "is likely to involve a 'substantial risk' of the use of 'physical force' within the meaning of [18 U.S.C.] § 16(b)." *Lisbey v. Gonzales,* 420 F.3d 930, 932 (9th Cir.2005).

Matias–Salvador's contention that his conviction does not bar him from cancellation of removal because he was not admitted is foreclosed by *Ortega–Mendez v. Gonzales,* 450 F.3d 1010, 1014 (9th Cir. 2006) ("An individual convicted of a 'crime of domestic violence' ... is ineligible for

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

cancellation of removal pursuant to § 1229b(b)(1)(C) whether or not he was admitted to the United States at the time of his predicate offense." (citing *Gonzalez–Gonzalez v. Ashcroft,* 390 F.3d 649, 653 (9th Cir.2004))).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.