**Fikret OSMANCEVIC, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 06–73147.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 28, 2007.*

Filed July 9, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Fikret Osmancevic, Eloy, AZ, pro se.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, District Counsel, Office of the District Chief Counsel, U.S. Department of Homeland Security, Phoenix, AZ, Jocelyn Lopez Wright, Jocelyn Lopez Wright, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: FARRIS, BOOCHEVER, and LEAVY, Circuit Judges.

MEMORANDUM **

Fikret Osmancevic, a native and citizen of Bosnia–Herzegovina, petitions for review of the opinion by the Board of Immigration Appeals (BIA), affirming the decisions of an immigration judge (IJ) finding Osmancevic removable as an aggravated felon, and concluding that he could relocate to sections of Bosnia–Herzegovina, thus denying him relief under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252(a)(2)(D), and we deny the petition for review.

▮ We have jurisdiction to consider whether Osmancevic's conviction of "Sexual Penetration by Foreign Object" under California Penal Code § 289(a)(1) constituted an aggravated felony, because this is a question of law. *See Valencia v. Gonzales,* 439 F.3d 1046, 1048 (9th Cir.2006). Osmancevic has not waived the issue, because the BIA addressed it in its June 9,

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

2006 decision. *See Ma v. Ashcroft,* 361 F.3d 553, 558 (9th Cir.2004). We review de novo, giving deference where appropriate to the BIA's legal determinations. *See Ortiz–Magana v. Mukasey,* 523 F.3d 1042, 1046 (9th Cir.2008).

Osmancevic's conviction (for which he received a one-year sentence) qualifies as a crime of violence under 8 U.S.C. § 1101(a)(43)(F) and 18 U.S.C. § 16(a). California Penal Code § 289(a)(1) is entitled "Forcible Acts of Sexual Penetration," requires that the act be accomplished against the victim's will, and includes as an element force or threatened force. It is on California's list of violent felonies, *see* Cal.Penal Code § 667.5(c)(11), and "when a state defines a crime as a 'violent felony,' we may decide that a crime is a crime of violence under § 16." *Lisbey v. Gonzales,* 420 F.3d 930, 933 (9th Cir.2005). Further, under 18 U.S.C. § 16(b), Osmancevic's offense is a felony involving a substantial risk of the use of physical force. *See id.* at 933 (where sexual battery crime involves "non-consent" of the victim and an additional element of restraint, it is a crime of violence under 16(b)).

We lack jurisdiction to review the agency's decision that Osmancevic's conviction was "a particularly serious crime" under 8 U.S.C. § 1231(b)(3)(B). *See Unuakhaulu v. Gonzales,* 416 F.3d 931, 935 (9th Cir.2005) (as amended). The IJ applied the correct legal standard. *See Afridi v. Gonzales,* 442 F.3d 1212, 1218 (9th Cir.2006). Osmancevic's no contest plea is a conviction of the underlying charges for deportation purposes, *see Ruis–Rubio v. INS,* 380 F.2d 29, 30 (9th Cir.1967) (per curiam), and he cannot now claim he was innocent of the charges.

Finally, we have jurisdiction to consider whether substantial evidence supported the decision to deny deferral of removal under CAT. *See Lemus–Galvan v. Mukasey,* 518 F.3d 1081, 1082 (9th Cir. 2008) (jurisdiction); *Singh v. Ashcroft,* 351 F.3d 435, 442 (9th Cir.2003) (reversal only if "evidence is so compelling that no reasonable fact finder could have failed to find the requisite likelihood of torture"). Osmancevic bore the burden to present evidence establishing "substantial grounds" that he was in danger of torture upon his removal to Bosnia–Herzegovina and that internal relocation was not a possibility. *See Hasan v. Ashcroft,* 380 F.3d 1114, 1122–23 (9th Cir.2004). The IJ acted within his discretion to admit the testimony of the government's expert witness, and credited his testimony only so far as it was consistent with documents in evidence. It did not violate due process to require Osmancevic to establish "substantial grounds" as required by CAT. *See Kamalthas v. INS,* 251 F.3d 1279, 1284 (9th Cir.2001) ("A petitioner carries this burden whenever he or she presents evidence establishing 'substantial grounds for believing that he [or she] would be in danger of being subjected to torture' in the country of removal, *U.N. Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment* art. 3, para. .1."). Substantial evidence supported the conclusion that Osmancevic could relocate within Bosnia–Herzegovina.

PETITION FOR REVIEW DENIED.