Morgan GONZALEZ–RAMIREZ, a.k.a.
Morgan Gonzalez, Petitioner,

v.

Michael B. MUKASEY, Attorney
General, Respondent.

No. 08–70410.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 13, 2009.

Filed Jan. 22, 2009.

Martin Roy Robles, Esquire, Christopher John Stender, Esquire, Immigration Practice Group A Professional Corporation, San Francisco, CA, for Petitioner.

Charles Canter, Carol Federighi, Esquire, Senior Litigation Counsel, Yamileth G. Handuber, U.S. Department of Justice, Washington, DC, CAC–District Counsel, Esquire, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: BRIGHT *, REINHARDT, and TASHIMA, Circuit Judges.

* The Honorable Myron H. Bright, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

MEMORANDUM **

Petitioner Morgan Gonzalez–Ramirez ("Gonzalez–Ramirez"), a native and citizen of Mexico and a lawful permanent resident of the United States, was convicted in 2004 of felony sexual battery under Cal.Penal Code § 243.4(a).[1] Gonzalez–Ramirez was subsequently charged as removable for having been convicted of a "crime of violence"—an aggravated felony pursuant to 8 U.S.C. § 1101(a)(43)(F).[2] The Immigration Judge ("IJ") found Gonzalez–Ramirez removable as charged, and the Board of Immigration Appeals ("BIA") affirmed. Gonzalez–Ramirez timely petitioned for review in this court.

■ We must first determine whether, as a matter of law, felony sexual battery under California law is a "crime of violence" for the purposes of immigration law.[3] We are bound by our circuit's precedent that felony (but not misdemeanor) sexual battery under California law is a "crime of violence" under 18 U.S.C. § 16(b) because the element of "unlawful restraint" presents a "substantial risk of the use of physical force." *Lisbey v. Gonzales*, 420 F.3d 930, 933 (9th Cir.2005). We therefore affirm the BIA and conclude that Gonzalez–Ramirez was convicted of a "crime of violence," 8 U.S.C. § 1101(a)(43)(F), and is removable as charged.

■ Second, we consider whether Gonzalez–Ramirez has presented a genuine issue of material fact as to whether he derived citizenship under the Child Citizenship Act of 2000 ("CCA"), 8 U.S.C. § 1431. We conclude that he has not. The CCA automatically confers U.S. citizenship upon a child not born in the United States who (1) has at least one U.S.-citizen parent; (2) is *"under* the age of eighteen years"; and (3) "is residing in the United States in the legal and physical custody of the citizen parent *pursuant to a lawful admission for permanent residence."* 8 U.S.C. § 1431 (emphasis supplied). Gonzalez–Ramirez has made no showing that he meets either the second or third requirement. Because Gonzalez–Ramirez turned eighteen on February 27, 2001, the day that the CCA went into effect, he was never "under the age of eighteen" while the statute was effective. Moreover, he did not adjust to lawful permanent resident status until February 21, 2002, nearly a year after he turned eighteen, and he has presented no evidence that he was lawfully admitted to the United States before that time. Because "the CCA granted automatic citizenship only to those children who were under

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. The statute reads, "Any person who touches an intimate part of another person while that person is unlawfully restrained by the accused or an accomplice, and if the touching is against the will of the person touched and is for the purpose of sexual arousal, sexual gratification, or sexual abuse, is guilty of sexual battery." Cal.Penal Code § 243.4(a).

2. Gonzalez–Ramirez was subsequently charged with removability on two additional grounds: for having been convicted of "sexual abuse of a minor," 8 U.S.C. § 1101(a)(43)(A), and of a "crime involving moral turpitude," 8 U.S.C. § 1227(a)(2)(A)(i). These charges are not at issue on the petition for review.

3. A "crime of violence" is defined as:
   (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
   (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.
   18 U.S.C. § 16.

the age of 18, and who met the other criteria, on February 27, 2001," *Hughes v. Ashcroft,* 255 F.3d 752, 760 (9th Cir.2001), there is no merit to Gonzalez–Ramirez's claim to citizenship under the CCA.

For the foregoing reasons, the petition for review is DENIED.