**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

FERMIN NIEVES-MEDRANO, AKA
Fermin Nedrano Nieves,
*Petitioner,*

v.

ERIC H. HOLDER JR., Attorney
General,
*Respondent.*

No. 09-71949

Agency No.
A044-546-455

ORDER

On Petition for Review of an Order
of the Board of Immigration Appeals

Submitted October 19, 2009

Filed January 7, 2010

Before: Stephen S. Trott, William A. Fletcher and
Johnnie B. Rawlinson, Circuit Judges.

---

## COUNSEL

Fermin Nieves-Medrano, Pro se, petitioner.

Michelle Y. F. Sarko, United States Department of Justice,
Office of Immigration Litigation, Washington, D.C., for the
respondent.

---

## ORDER

Petitioner was convicted of carjacking in violation of California Penal Code § 215 and sentenced to three years of

imprisonment. The Board of Immigration Appeals ("BIA")
affirmed the Immigration Judge's finding that petitioner was
removable for an aggravated felony "crime of violence." Peti-
tioner seeks review of the BIA's decision. We have jurisdic-
tion to review constitutional claims and questions of law. *See*
8 U.S.C. § 1252(a)(2)(D); *Lisbey v. Gonzales*, 420 F.3d 930,
932 (9th Cir. 2005) (concluding court has jurisdiction to
determine whether conviction constitutes "crime of vio-
lence").

This court has held that a conviction for robbery in viola-
tion of California Penal Code § 211 is a categorical "crime of
violence" under the Sentencing Guidelines. *See United States
v. Becerril-Lopez*, 541 F.3d 881, 893 (9th Cir. 2008) ("[W]e
hold that a conviction under Cal. Penal Code § 211 could only
result from conduct that constitutes a 'crime of violence' for
purposes of U.S.S.G. § 2L1.2."). Although the definition in
U.S.S.G. § 2L1.2 differs slightly from that used for immigra-
tion cases, 8 U.S.C. §§ 1101(a)(43)(F) ("crime of violence"
defined by 18 U.S.C. § 16), there is no meaningful distinction
for purposes of this petition. *Compare* U.S.S.G. § 2L1.2, cmt.
n.1 (2008) (defining "crime of violence" as certain listed
offenses or as "any other offense . . . that has as an element
the use, attempted use, or threatened use of physical force
against the person of another") *with* 18 U.S.C. § 16(a) (defin-
ing "crime of violence" as "an offense that has as an element
the use, attempted use, or threatened use of physical force
against the person *or property* of another") (emphasis added).

The same elements that make § 211 a crime of violence are
also required in § 215. They include the felonious taking of
property in the presence of another "by means of force or
fear." *Compare* Cal. Penal Code § 211 *with* Cal. Penal Code
§ 215. We conclude that a conviction for carjacking under
California Penal Code § 215 is categorically a "crime of vio-
lence" under 8 U.S.C. § 1101(a)(43)(F). *See Becerril-Lopez*,
541 F.3d at 893. Accordingly, petitioner is removable pursu-
ant to 8 U.S.C. § 1227(A)(2)(a)(iii).

Petitioner's contention that the BIA's decision was boiler-plate is without merit. The BIA analyzed the aggravated felony issue in detail. Petitioner's due process and equal protection arguments are similarly unavailing.

All pending motions are denied as moot. The temporary stay of removal confirmed by Ninth Circuit General Order 6.4(c) shall continue in effect until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**