**NOT FOR PUBLICATION**


UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TEDROS TEWOLDE KIDANEMARIAM-TEWELDE, AKA Tedros Tewelde Kidanemariam, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 08-73493 <br><br> Agency No. A041-126-108 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted September 2, 2011
Pasadena, California

Before: SCHROEDER and GOULD, Circuit Judges, and McCUSKEY, Chief
District Judge.[**]

---

      [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

      [**]    The Honorable Michael Patrick McCuskey, Chief United States District Judge for the Central District of Illinois, sitting by designation.

Tedros Tewolde Kidanemariam-Tewelde, a native of Ethiopia, petitions for review of a decision of the Board of Immigration Appeals ("BIA") adopting and affirming an Immigration Judge's ("IJ") determination that he was removable due to his aggravated felony conviction for sexual battery, in violation of Cal. Pen. Code § 243.4(a), and denying his applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Petitioner asserted a fear of persecution on account of his mixed Ethiopian-Eritrean heritage. The BIA affirmed the IJ's determinations that Petitioner's conviction rendered him ineligible for asylum, withholding and adjustment relief, and that he failed to meet his burden for CAT relief. We have jurisdiction under 8 U.S.C. § 1252. We deny the petition for review.

The IJ and BIA properly concluded that a felony conviction for sexual battery is categorically an aggravated felony, because a violation of § 243.4(a) involves a "substantial risk" of physical force against a person. *Lisbey v. Gonzales*, 420 F.3d 930, 931 (9th Cir. 2005). He is therefore not eligible for asylum.

The IJ also properly determined that Petitioner had been convicted of a particularly serious crime and therefore was ineligible for withholding. The record contains a police report, a sentencing document and Petitioner's testimony concerning the crime. *See Anaya-Ortiz v. Holder*, 594 F.3d 673, 678 (9th Cir.

2

2010) (holding that the IJ and BIA may consider "any relevant evidence" including the petitioner's hearing testimony in holding that he had been convicted of a particularly serious crime).

Finally, Petitioner has not identified evidence compelling the conclusion that he will be tortured on return to Ethiopia. *See I.N.S. v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992) ("To reverse [a] BIA finding [of fact] we must find that the evidence not only supports that conclusion, but compels it . . . ."). The IJ correctly noted that the evidence presented is, at best, speculative, and given the high burden of establishing a CAT claim, such evidence does not compel a reversal of the BIA's decision.

**DENIED**.