**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

VICTOR B. VALENCIA,
　　　　　　　　　*Petitioner,*

v.

ALBERTO R. GONZALES, Attorney
General,
　　　　　　　　　*Respondent.*

No. 03-72028

Agency No.
A70-972-808

ORDER AND
OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted
December 9, 2004—San Francisco, California

Filed March 6, 2006

Before: Diarmuid F. O'Scannlain, Robert E. Cowen,* and
Carlos T. Bea, Circuit Judges.

Opinion by Judge Bea

*The Honorable Robert E. Cowen, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

2171

## COUNSEL

James Todd Bennett, El Cerrito, California, for the petitioner.

Peter D. Kiesler, Donald E. Keener, Greg D. Mack, Office of Immigration Litigation, Washington D.C., for the respondent.

## ORDER

The opinion filed on December 12, 2005, and reported at 431 F.3d 673, is hereby withdrawn and replaced by the opinion filed concurrently with this order. Further petitions for rehearing and for rehearing en banc will be accepted, and the time for filing petitions for rehearing shall run anew commencing on the filed date of the substituted opinion. *See* Fed. R. App. P. 40(a)(1) and 35(c).

## OPINION

BEA, Circuit Judge:

Victor Valencia, a native and citizen of Peru, petitions for review from the Board of Immigration Appeals' ("BIA")

order summarily affirming the Immigration Judge's ("IJ") order of removal. Valencia was convicted of felony[1] unlawful sexual intercourse with a person under eighteen, who was more than three years younger than he, in violation of California Penal Code section 261.5(c). The IJ found Valencia removable for having committed an aggravated felony under 8 U.S.C. § 1227(a)(2)(A)(iii), holding the crime constituted a crime of violence under 8 U.S.C. § 1101(a)(43)(F), which defines a crime of violence pursuant to 18 U.S.C. § 16. Our jurisdiction is controlled by 8 U.S.C. § 1252. We grant the petition for review and hold that a violation of California Penal Code section 261.5(c) does not constitute a crime of violence under 18 U.S.C. § 16.

I

On May 29, 1997, Valencia pleaded guilty to a felony violation of California Penal Code section 261.5(c). The imposition of his sentence was suspended for a period of five years, during which time he was placed on probation on the condition that he serve one year in the county jail. At the change of plea hearing, the judge specifically advised, and Valencia acknowledged, that this conviction could be used to deport him.

Valencia was charged in the notice to appear with being removable as an aggravated felon for committing sexual abuse of a minor under 8 U.S.C. § 1101(a)(43)(A), and for committing a crime of violence under 8 U.S.C. § 1101(a)(43)(F).

II

The IJ found Valencia removable as an aggravated felon under 8 U.S.C. § 1227(a)(2)(A)(iii), holding the crime consti-

---

[1]A violation of California Penal Code section 261.5(c) can be charged as either a misdemeanor or a felony. Here, it was charged as a felony.

tuted a crime of violence under 8 U.S.C. § 1101(a)(43)(F), as defined in 18 U.S.C. § 16.

The IJ dismissed the charge that Valencia was removable for having committed sexual abuse of a minor under 8 U.S.C. § 1101(a)(43)(A). The government does not cross-appeal this dismissal.

The BIA summarily affirmed the IJ's ruling.

## III

We do not have jurisdiction to review the propriety of any final order of removal against an alien who is ordered removed for having committed an aggravated felony covered in 8 U.S.C. § 1227(a)(2)(A)(iii). 8 U.S.C. § 1252(a)(2)(c); *Flores-Miramontes v. INS*, 212 F.3d 1133 (9th Cir. 2000); *Aragon-Ayon v. INS*, 206 F.3d 847, 849-50 (9th Cir. 2000). We do, however, have jurisdiction to consider the limited question of whether a crime is an aggravated felony. *Cedano-Viera v. Ashcroft*, 324 F.3d 1062, 1065 (9th Cir. 2003). For the reasons discussed below, we hold that Valencia's crime was not an aggravated felony.

## IV

Under the "categorical approach" laid out in *Taylor v. United States*, 495 U.S. 575 (1990), a violation of section 261.5(c) qualifies as a crime of violence and hence as an aggravated felony "if and only if the full range of conduct covered by it falls within the meaning of that term." *United States v. Baron-Medina*, 187 F.3d 1144, 1146 (9th Cir. 1999) (citation omitted).

[1] Under 8 U.S.C. § 1227(a)(2)(A)(iii) "an alien who is convicted of an aggravated felony at any time is deportable." 8 U.S.C. § 1101(a)(43)(F) defines an aggravated felony as "a crime of violence (as defined in section 16 of Title 18, but not

including a purely political offense) for which the term of imprisonment [is] at least one year."

**[2]** Section 16 of Title 18 in turn defines a crime of violence as:

> (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (b) any other offense that is a felony and that, **by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense**.

18 U.S.C. § 16 (emphasis added). The "physical force" necessary to constitute a crime of violence under 18 U.S.C. § 16(b) must be violent in nature. *Ye v. INS*, 214 F.3d 1128, 1133 (9th Cir. 2000).

**[3]** The statute to which Valencia pleaded guilty provided:

> Any person who engages in an act of unlawful sexual intercourse with a minor who is more than three years younger than the perpetrator is guilty of either a misdemeanor or a felony, and shall be punished by imprisonment in a county jail not exceeding one year, or by imprisonment in the state prison.

Cal. Penal Code § 261.5(c) (1997).

**[4]** Section 261.5(c) does not have "as an element the use, attempted use, or threatened use of [violent] physical force against the person or property of another." 18 U.S.C. § 16(a). Therefore, under the *Taylor* categorical approach, we consider whether the "full range of conduct" covered by section 261.5(c), *see Baron-Medina*, 187 F.3d at 1146, "by its nature, involves a substantial risk that physical force against the per-

son or property of another may be used in the course of committing the offense." 18 U.S.C. § 16(b).

**[5]** This circuit has not considered whether statutory rape "by its nature, involves a substantial risk that physical force may be used against the person or property of another in the course of committing the offense." 18 U.S.C. § 16(b). In *Lisbey v. Gonzales*, 420 F.3d 930, 933 (9th Cir. 2005), we held the crime of sexual battery involves a substantial risk of the use of physical force. The sexual battery statute at issue in *Lisbey* criminalized the sexual touching of another who is "unlawfully restrained by the accused or an accomplice" when the touching is against the victim's will. *See id.* at 932; Cal. Pen. Code § 243.4(a) (West 2005) (defining the crime of sexual battery). Even though the use of force is not an element of sexual battery under California law, *see id.*; *United States v. Lopez-Montanez*, 421 F.3d 926, 929 (9th Cir. 2005), sexual battery nonetheless requires unlawful restraint and an act against the victim's will. *Lisbey*, 420 F.3d at 932-33. Because sexual battery involves both unlawful restraint and an act against the victim's will, "[it] creat[es] a substantial risk of resistance by the victim and the use of physical force by the perpetrator." *Id.* at 932 (citing the BIA's decision). Accordingly, we held that sexual battery is categorically a crime of violence under § 16(b).

**[6]** In *Lisbey*, we noted approvingly cases from other circuits which establish that sexual acts, without the victim's consent, constitute crimes of violence under § 16(b). *See id.* at 933 (citing approvingly *Zaidi v. Ashcroft*, 374 F.3d 357, 361 (5th Cir. 2004) (per curiam) (lewd or lascivious touching of an adult *without* his or her consent); *Sutherland v. Reno*, 228 F.3d 171, 176 (2d Cir. 2000) (indecent assault and battery on a person over the age of fourteen which requires the victim's actual non-consent as an element); *United States v. Reyes-Castro*, 13 F.3d 377, 379 (10th Cir. 1993) (holding that attempted sexual abuse of a child under the age of fourteen is a crime of violence)). These cases, taken together, establish

that the "non-consent of the victim" is the "touchstone" for determining whether a conviction constitutes a crime of violence under § 16(b). *See Lisbey*, 420 F.3d at 933. The rationale behind this rule is that a touching without the victim's consent "presents a substantial risk that force *may* be used to overcome the victim's lack of consent and accomplish the indecent touching." *See Sutherland*, 228 F.3d at 176.

None of our sister circuits has considered whether consensual sexual intercourse with a minor between the ages of seventeen and eighteen is a crime of violence under § 16(b). The Fifth Circuit has held that the crime of "indecent sexual contact" with a minor younger than seventeen is categorically a crime of violence under § 16(b). *See United States v. Velazquez-Overa*, 100 F.3d 418, 422-23 (5th Cir. 1996). Likewise, the Second and Eleventh Circuits have held felonies involving sexual contact with victims who are younger than sixteen, or otherwise incapacitated, are crimes of violence under § 16(b). *See Chery v. Ashcroft*, 347 F.3d 404, 408-09 (2d Cir. 2003); *Ramsey v. INS*, 55 F.3d 580, 583 (11th Cir. 1995) (per curiam). The Eighth and Tenth Circuits have held that felonies involving sexual abuse of children younger than fourteen are crimes of violence under § 16(b). *See United States v. Alas-Castro*, 184 F.3d 812, 813 (8th Cir. 1999) (per curiam); *Reyes-Castro*, 13 F.3d at 379.

The Seventh Circuit, by contrast, has held that statutory rape of a fifteen-year-old is not categorically a crime of violence under § 16(b), and employed modified categorical analysis to consider the age of the victim, the age difference between the victim and perpetrator, and the nature of sexual activity. *See Xiong v. INS*, 173 F.3d 601, 607 (7th Cir. 1999); *see also United States v. Shannon*, 110 F.3d 382, 385 (7th Cir. 1997) (en banc) (rejecting the argument, in a case involving U.S.S.G. § 4B1.2 that "*any* felonious sexual act with a minor should be deemed [ ] to involve force, because the minor is incapable of giving legally recognized consent").

None of these cases involve sexual intercourse with a minor between the ages of seventeen and eighteen. Only the Fifth Circuit has considered statutory rape in a state which sets the age of majority at seventeen. *See Velazquez-Overa*, 100 F.3d at 422. Since California sets the age of majority at eighteen, Cal. Pen. Code § 261.5(a), this case requires us to break new ground.

In addition to this factual difference, we find the reasoning of the Second and Fifth Circuits somewhat mechanical in equating a victim's legal incapacity to consent with an actual unwillingness to be touched, and deriving therefrom a substantial risk that physical force may be used in committing the offense. In *Chery*, for example, the statute of conviction criminalized sexual intercourse with a victim under the age of sixteen by a perpetrator two years older, sexual intercourse with a victim who is mentally incapacitated or physically helpless, or a guardian's sexual intercourse with his or her minor ward. *See id.*, 347 F.3d at 407. Thus, the conduct criminalized by the statute included sexual intercourse with a willing minor. The court found that the statute categorically involved a risk that force may be used to accomplish the sexual intercourse with the victim. *Id.* at 408 (citing *Sutherland*, 228 F.3d at 176). Even though the victim might voluntarily engage in the sexual intercourse, the court found a substantial risk of force because the victim cannot consent. *Chery*, 347 F.3d at 408-09.

Underlying this reasoning is the assumption that a minor's legal incapacity implies that the proscribed sexual intercourse is non-consensual. *See, e.g., Chery*, 347 F.3d at 409 ("[I]t is obvious that such crimes . . . are generally perpetrated by an adult upon a victim who is not only smaller, weaker and less experienced, but is also generally susceptible of acceding to the coercive power of adult authority figures.") (quoting *Velazquez-Overa*, 100 F.3d at 422) (alteration in original). But even then, the equation of legal and factual non-consent mixes considerations of physical disparity ("smaller" or

"weaker")**²** with considerations of mental or emotional dispar-ities ("less experienced," "authority figures"). While this assumption may be valid where the minor is a younger child, *see, e.g., Reyes-Castro*, 13 F.3d at 379, it does not hold true where the victim is an older adolescent, who is able to engage in sexual intercourse voluntarily, despite being legally incapa-ble of consent. *See United States v. Houston*, 364 F.3d 243, 247 (5th Cir. 2004) (distinguishing factual and legal consent for purposes of determining whether statutory rape is a crime of violence under U.S.S.G. § 4B1.2); *United States v. Dick-son*, 346 F.3d 44, 51-52 (2d Cir. 2003) (holding that unlawful imprisonment of a minor or incompetent adult is not a crime of violence under § 16(b), because the crime can be accom-plished with the victim's acquiescence). Therefore, while we agree that the "non-consent of the victim" is the "touchstone" for § 16(b) analysis, it is the victim's *actual* non-consent that counts.

**[7]** That lack of actual consent, rather than legal incapacity to consent, is the "touchstone" of § 16(b) analysis is made more evident by a consideration of California law. In a prose-cution for forcible rape, Cal. Pen. Code § 261(a)(2), the abil-ity of a minor to consent is an issue of fact and the prosecution must show the intercourse was against the minor's will. *See People v. Young*, 190 Cal.App.3d 248, 257-58 (1987). Similarly, as the California Supreme Court has stated, section 261.5(c) "makes no statement about the [minor's] ability to consent." *See Michael M. v. Super. Ct.*, 25 Cal.3d 608, 614 (1979), *aff'd by* 450 U.S. 464 (1981). In *Michael M.*, the California Supreme Court upheld the former version of section 261.5, which applied only to underage females, against a challenge under the Equal Protection Clause. *See id.*; Cal. Pen. Code § 261.5 (Deering 1970).

---

**²**Of course, a substantial age difference does not ineluctably suggest a disparity in physical strength giving rise to a risk of the use of physical force. It may if the minor is 17 and the adult is 25; it may not if the adult is 52.

Applying strict scrutiny, the California Supreme Court held that section 261.5 furthered a compelling state interest in minimizing illegitimate births to teenage mothers. *Id.* at 612. Since only females can become pregnant, the gender classification was narrowly drawn. *See id.* at 613; *see also id.*, 450 U.S. at 473-74. Further, the California Supreme Court rejected the argument that the statute cast doubt on "the capacity of minor females to make intelligent and volitional decisions," stating that "the Legislature necessarily acknowledged the obvious truism that minor females are fully capable of freely and voluntarily consenting to sexual relations." *Id.*, 25 Cal.3d at 614. Characterizing section 261.5 as a form of morals legislation, the Court noted that it was "no different than a variety of other statutes which prohibit minors from engaging in certain activities"—such as purchasing cigarettes —"no matter how . . . willing or consenting the minor might be." *Id.*

Later California cases also support this reading of section 261.5(c). In *People v. Tobias*, 25 Cal.4th 327, 333-34 (2001), the Court cited the California legislature's enactment of section 261.5(c) as a crime separate from rape as support for the proposition that "in some cases at least, a minor may be capable of giving legal consent to sexual relations." *Id.* at 333. The Court specifically noted that the enactment of section 261.5(c) as a provision separate from rape indicated that section 261.5(c) was "a distinct and less serious crime than rape, particularly where the minor engages in the sexual act knowingly and voluntarily." *Id.* Accordingly, the Court noted that the legislature had undermined its rationale for the rule at issue in that case (that minors cannot be accomplices to the crime of incest). *Id.* at 334-36. Thus, the Court there held that minors cannot be accomplices to the crime of incest, not because they are categorically incapable of consenting to sexual relations, but rather because they are victims immune from prosecution under the statute. *Id.*

Likewise, a conviction for unlawful sexual intercourse under section 261.5 does not necessarily bar the perpetrator

from asserting his constitutional right as a parent to block the adoption of the offspring. *See In re Kyle F.*, 5 Cal. Rptr. 3d 190, 194 (2003). There, an eighteen-year-old male committed unlawful sexual intercourse with a sixteen-year-old woman who was not his wife, a misdemeanor under California law. *See* Cal. Pen. Code § 261.5(b). The Court of Appeal reversed the trial court's ruling that unlawful sexual intercourse was the equivalent of forcible rape, which would bar the father from asserting parental rights. *Kyle F.*, 5 Cal. Rptr. 3d at 194. In reaching that conclusion, the court stressed that, unlike forcible rape, a conviction for unlawful sexual intercourse does not imply that "the sexual intercourse was voluntary only for the father." *Id.* Rather, "[i]f the mother is a minor, the act may be deemed unlawful sexual intercourse despite the mother's voluntary participation." *Id.* Thus, the father had not committed "nonconsensual sexual intercourse" so as to bar him from asserting his parental rights. *Id.*

[8] In sum, the full range of conduct proscribed by California Penal Code section 261.5(c) includes consensual sexual intercourse between a twenty-one-year-old and a minor one day shy of eighteen.[3] Since a minor of this age is "fully capable of freely and voluntarily consenting to sexual relations," *Michael M.*, 25 Cal.3d at 614, the minor's deemed incapacity does not suggest a risk that force may be used in committing the offense. Therefore, we hold that a violation of section 261.5(c) does not, "by its nature, involve[ ] a substantial risk that [violent] physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C § 16(b); *Ye*, 214 F.3d at 1133. Accordingly, a violation of 261.5(c) is not categorically a crime of violence under § 16(b).

---

[3]In applying the "categorical" approach, we must consider the "full range of conduct" proscribed by the statute. *Baron-Medina*, 187 F.3d at 1146. Thus, in evaluating whether a sex offense against a minor is a crime of violence, we assume that the victim is just shy of the age of majority. *See, e.g., United States v. Pallares-Galan*, 359 F.3d 1088, 1101-02 (9th Cir. 2004).

Our recent decision in *United States v. Asberry*, 394 F.3d 712, 717-18 (9th Cir. 2005) is not to the contrary. There, we held that a conviction for the statutory rape of a victim under the age of sixteen is categorically a crime of violence under § 4B1.2 of the United States Sentencing Guidelines. *Id.* at 716-18. Under the provision we were interpreting in *Asberry*, a crime of violence is defined as an offense that poses a "serious potential risk of physical injury to another." *Id.* at 717; U.S.S.G. § 4B1.2(a)(2). In *Asberry*, we found that consequences of sexual intercourse such as pregnancy and sexually transmitted disease fall within the meaning of "physical injury." *Id.* at 717-18. As we stated,

> Sexual intercourse with adults poses serious potential risks of physical injury to adolescents of ages fifteen and younger. Both sexually transmitted disease and the physical risks of pregnancy among adolescent females are 'injuries' as the term is defined in common and legal usage.

*Id.* at 717. Accordingly, we held that statutory rape poses a serious potential risk of physical injury and, therefore, is a crime of violence under the § 4B1.2(a) of the Guidelines. *Id.* at 718.

Here, by contrast, the statute defines crime of violence by reference to the risk that physical force may be *used* to commit the crime, not the physical injuries that might *result*. The risk that physical force may be used is one that a minor's actual consent removes because, where the minor actually consents to sexual intercourse, force will not be necessary to overcome the minor's resistance.

Actual consent, however, will not remove the potential risk of physical injury. As we held in *Asberry*, statutory rape exposes a minor to "serious potential risks of physical injury" in the form of pregnancy and sexually transmitted disease. *Id.* at 717-18. These risks are present even if the minor know-

ingly and voluntarily consents to engage in sexual intercourse. Indeed, part of the reason for statutory rape laws is that minors have consensual sex without full regard for these risks, thereby suffering injury themselves and imposing costs on society. *See Michael M.*, 25 Cal.3d at 612, 614-15. Thus, statutory rape poses risks of physical injury, but does not, by its nature, involve a substantial risk of the use of physical force to commit the offense.

Furthermore, as we noted in *Asberry*, the Commentary to section 2L1.2 of the Guidelines lists statutory rape as per se a crime of violence. *See Asberry*, 394 F.3d at 716-17; *see also United States v. Granbois*, 376 F.3d 993, 995-96 (9th Cir. 2004); *United States v. Pereira-Salmeron*, 337 F.3d 1148, 1153 (9th Cir. 2003). As we noted in *Asberry*, this Commentary "provide[s] guidance" in "constru[ing] the identical term 'crime of violence' in section 4B1.2" of the Guidelines. *Id.*, 394 F.3d at 717. Here, Congress has provided no similar indications of an intent to make statutory rape an aggravated felony under the crime of violence definition in 8 U.S.C. § 1101(a)(43)(F).[4] Absent such an indication, we can only construe the definition of crime of violence according to its plain text.

## V

**[9]** Where the statute under which the prior conviction occurred is not categorically a predicate offense, we apply a "modified" categorical approach. *See United States v. Ruiz-Morales*, 361 F.3d 1219, 1222 (9th Cir. 2004); *Ye*, 214 F.3d at 1133. Under this "modified" categorical approach, we examine "documentation or judicially noticeable facts that clearly establish that the conviction is [an aggravated felony] [,] such as the indictment, the judgment of conviction, jury

---

[4]Indeed, an alien may be removed for having committed a non-forcible sex offense against a minor if it constitutes "sexual abuse of a minor" under 8 U.S.C. § 1101(a)(43)(A). Here, that charge was dismissed.

instructions, a signed guilty plea, or the transcript from the plea proceedings." *United States v. Hernandez-Hernandez*, 431 F.3d 1212, 1217 (9th Cir. 2005) (quoting *United States v. Rivera-Sanchez*, 247 F.3d 905, 908 (9th Cir. 2001) (en banc) (second alteration in original)). Our inquiry here is whether the documents of conviction or other judicially noticeable facts suggest that the offense, by its nature, involves the targeted risk of the use of physical force: for instance, that the unlawful intercourse was preceded by a threat or the stalking of the minor.

[10] Here, the documents of Valencia's conviction establish only that Valencia was charged with, and pleaded guilty to, a felony violation of section 261.5(c). Therefore, the documents in the record do not narrow Valencia's offense.

[11] The government urges us to take judicial notice of Valencia's age (forty-two) at the time he committed the offense. The government asks us, in essence, to follow the Seventh Circuit's approach and hold that statutory rape is a crime of violence under § 16(b) if it involves a "substantial age difference" between the perpetrator and the victim. *See Xiong*, 173 F.3d at 607. In conducting this inquiry, the government argues that we should take the perpetrator's age into account, even if it does not appear from the charging documents. Other authority, however, suggests that the Seventh Circuit considers only the age difference exhibited by the charging documents. *See United States v. Thomas*, 159 F.3d 296, 299 (7th Cir. 1998) ("We have left out of consideration so far the age of the statutory rapist . . . . Here we are assuming that he was 22 (in fact, he was 29 and his victim 16, but remember that we are not permitted to base decision on facts not found in the charging document)."). Mindful that, under *Taylor*, we are generally "confined to the records of the convicting court," *Shepard v. United States*, 125 S.Ct. 1254, 1261 (2005), we doubt that the fact of Valencia's age is a subject of judicial notice.

**[12]** Moreover, an increase in the age of the perpetrator, holding the victim's age constant, does not ineluctably increase the risk that physical force may be used to commit the crime of statutory rape. Certainly, when a forty-year-old has sex with a seventeen-year-old, it is more morally opprobrious to the State than when a twenty-year old does.[5] Moreover, an increase in the age of the perpetrator increases the likelihood that he will use "experience" or an "authority position" to seduce the minor. *See Velazquez-Overa*, 100 F.3d at 422. It may thus increase the risk of guile, wiles, or deception in manipulating the minor to have sex. It may increase the risk that the perpetrator will corrupt the young person's "virtue," by leading him or her into a debauched life. *See Michael M.*, 25 Cal.3d at 619-20 (Mosk, J., dissenting). It may also increase the risk that the victim will sustain a sexually transmitted disease.

**[13]** But none of these factors create a greater probability that the offense of unlawful sexual intercourse involves a substantial risk of the use of physical force. If anything, the contrary would seem to be true, as a forty-two-year-old is no more likely to use physical force than a twenty-two-year-old, and is probably less capable of doing so. Furthermore, to the extent that a substantial age difference increases the violent nature of the offense, this is a legislative determination which we are ill-equipped to make. *See Thomas*, 159 F.3d at 299-300. Here, the California legislature determined that consensual sexual intercourse with a seventeen-year-old rises to the level of a felony if the perpetrator is three years older. Since this legislative determination "makes no statement about the [minor's] ability to consent," *Michael M.*, 25 Cal.3d at 614, we have held this age difference does not present a substantial risk of the use of physical force. To hold otherwise when presented with a larger age difference would cast us in a legis-

---

[5]Indeed, if the age difference between perpetrator and minor is less than three years, unlawful sexual intercourse is punishable only as a misdemeanor. *See* Cal. Pen. Code § 261.5(b).

lative role. Therefore, even if Valencia's age is a fact which we can consider, it does not affect our analysis.

**[14]** In sum, Valencia's conviction under section 261.5(c) was not an aggravated felony under 8 U.S.C. § 1101(a)(43)(F). We, therefore, grant his petition for review and find the BIA erred in determining that he was removable under 8 U.S.C. § 1227(a)(2)(A)(iii).[6]

**PETITION FOR REVIEW GRANTED, CASE REMANDED TO THE BIA**

---

[6]Because we conclude that Valencia is not removable under the grounds charged, we need not consider whether his conviction constituted a crime of moral turpitude that would render him ineligible to re-adjust status to lawful permanent residency under 8 U.S.C. § 1255(a).