**Gabriel SOTO–ARMENTA, Petitioner,**

**v.**

**Alberto R. GONZALES,* Attorney General, Respondent.**

No. 03–72404.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 6, 2005.

Decided March 31, 2006.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

courts of this circuit except as provided by 9th Cir. R. 36–3.

* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

Jonathan D. Montag, Esq., San Diego, CA, for Petitioner.

CAS-District Counsel, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Diego, CA, Norah Ascoli Schwarz, Esq., Joshua E. Braunstein, Washington, DC, for Respondent.

Before: BROWNING, FISHER and BYBEE, Circuit Judges.

** This disposition is not appropriate for publication and may not be cited to or by the

## ORDER

The disposition filed on June 10, 2005 is withdrawn and replaced by the disposition filed concurrently with this order.

In light of the new disposition of this case, Petitioner's July 7, 2005 petition for panel rehearing and petition for rehearing en banc is DISMISSED as moot without prejudice to any petitions for rehearing or rehearing en banc from the disposition filed concurrently with this order.

## MEMORANDUM **

Gabriel Soto–Armenta seeks review of the decision of the Board of Immigration Appeals (BIA) affirming the Immigration Judge (IJ), who found that petitioner's California conviction constituted "sexual abuse of a minor"—an aggravated felony for purposes of immigration law—rendering him removable and ineligible for discretionary relief. We grant Soto–Armenta's petition for review because his California conviction is not an aggravated felony.

The court does not have jurisdiction to review "any final order of removal against an alien who is removable by reason of having committed [an aggravated felony,]" 8 U.S.C. § 1252(a)(2)(C), but we have jurisdiction to determine whether the jurisdictional bar applies in a given case. *Murillo–Espinoza v. INS*, 261 F.3d 771, 773 (9th Cir.2001).

Soto–Armenta's conviction for unlawful sexual intercourse with a minor more than three years younger in violation of Cal. Pen.Code § 261.5(c) does not qualify as an aggravated felony for purposes of 8 U.S.C. § 1101(a)(43) under the categorical approach laid out in *Taylor v. United States*, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). *See Valencia v. Gonzales*, 439

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

F.3d 1046, 2006 WL 522452, at *6 (9th Cir. Mar.6, 2006).

Because Cal. Pen.Code § 261.5(c) reaches conduct that would not constitute a crime of violence and is therefore not categorically an aggravated felony, we therefore proceed to apply a "modified categorical approach, in which we look to the charging paper and judgment of conviction to determine if the actual offense the defendant was convicted of qualifies as a crime of violence. We do not, however, look to the particular facts underlying the conviction." *Ye v. INS,* 214 F.3d 1128, 1133 (9th Cir.2000) (internal citations omitted). "The purpose of this 'modified categorical approach is to determine if the record unequivocally establishes that the defendant was convicted of [a crime of violence], even if the statute defining the crime is overly inclusive.'" *United States v. Lopez–Montanez,* 421 F.3d 926, 931 (9th Cir. 2005) (quoting *United States v. Corona–Sanchez,* 291 F.3d 1201, 1211 (9th Cir. 2002)).

The original complaint charged Soto–Armenta with two counts of unlawful sexual intercourse with a minor more than three years younger and with one count of committing a lewd act upon a child. However, "[c]harging papers alone are never sufficient" for purposes of the modified categorical approach, but "may be considered in combination with a signed plea agreement." *Corona–Sanchez,* 291 F.3d at 1211. Soto–Armenta only pled guilty to one count of unlawful sexual intercourse with a minor more than three years younger and admitted in his plea agreement that he "engaged in sexual intercourse with a minor at least 3 years younger than [himself]." When read together, the complaint and the plea agreement add nothing to our analysis beyond the terms of the statute itself. We therefore hold that Soto–Armenta's conviction does not constitute an aggravated felony for purposes of 8 U.S.C. § 1101(a)(43).

Because we conclude that petitioner did not commit an aggravated felony, we **GRANT** the **PETITION** and **REMAND** this case to the BIA.