**Luis Saavedra VILLA, Petitioner,**

v.

**Michael B. MUKASEY,\* Attorney General, Respondent.**

No. 04–72859.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 9, 2007.\*\*

Filed Dec. 18, 2007.

Law Office of Sharon Preston, Salt Lake City, UT, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Linda S. Wendtland, Esq., John S. Hogan, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: O'SCANNLAIN, KLEINFELD, and M. SMITH, Circuit Judges.

MEMORANDUM \*\*\*

The BIA affirmed without opinion, so we review the IJ's decision. *Acosta v. Gon-*zales, 439 F.3d 550, 552 (9th Cir.2006). The government argues that we lack jurisdiction because petitioner did not exhaust his administrative remedies, having appealed to the BIA but not filed a brief. The notice of appeal says that the reason for the appeal is that "the immigration judge erred when determining that Mr. Saavedra's offense was aggravated." The argument before the IJ focused upon the overbreadth of the Wyoming statute and whether the modified categorical approach could properly be applied. Under *Kaganovich v. Gonzales,* 470 F.3d 894, 897 (9th Cir.2006), and *Abebe v. Gonzales,* 432 F.3d 1037, 1040–41 (9th Cir.2005), the notice of appeal to the BIA and the argument to the IJ sufficed as exhaustion, so we have jurisdiction.

Saavedra–Villa's crime was not categorically "sexual abuse of a minor" because, as the IJ recognized and the government does not dispute, title 14, section 3–105 of the Wyoming Statutes is too broad for all violations to fall within the category. *See Taylor v. United States,* 495 U.S. 575, 600, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). Under the modified categorical approach, however, the IJ can properly consider the information charging Saavedra–Villa together with the judgment to establish his prior conviction. *See United States v. Weiland,* 420 F.3d 1062, 1079 (9th Cir. 2005). The information identified Saavedra–Villa as having been born in 1978, which would make him 22 years old at the time of the offense (unlike *Valencia v. Gonzales,* 439 F.3d 1046 (9th Cir.2006), where the defendant's age did not appear

---

\* Michael B. Mukasey is substituted for his predecessor, Peter D. Keisler, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* Saavedra–Villa's request to waive oral argument was granted in an unpublished order. Fed. R.App. P. 34(a)(1) & (a)(2)(C).

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

in the charging documents). The information alleged that he committed the offense with a 13–year–old "by undressing her and laying on top of her in bed while they only [had] on their undershorts." The judgment says that he pleaded guilty to this offense and was put under oath and "questioned by the court regarding the circumstances of this offense."

The information and judgment amount to what *Shepard v. United States,* 544 U.S. 13, 26, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005), denotes as "some comparable judicial record," under *Parrilla v. Gonzales,* 414 F.3d 1038, 1044 (9th Cir.2005). As established in these documents, the offense constitutes "sexual abuse of a minor." *See Cedano–Viera v. Ashcroft,* 324 F.3d 1062, 1066 (9th Cir.2003).

**PETITION DENIED.**

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.