Jesus Alejandro GONZALEZ–
CEBALLOS, Petitioner,

v.

Michael B. MUKASEY, Attorney
General, Respondent.

No. 05–70546.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 22, 2008.*

Filed Oct. 31, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**712**

Christopher John Stender, Esquire, Stender & Lappin, San Diego, CA, for Petitioner.

AZP–District Director, Office of the District Director, U.S. Department of Homeland Security, Phoenix, AZ, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Keith Ian McManus, Sen-

** The Honorable Jane R. Roth, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ior Litigation Counsel, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, for Respondent.

Before: BEEZER, ROTH,** and BYBEE, Circuit Judges.

### MEMORANDUM ***

Jesus Alejandro Gonzalez–Ceballos ("Gonzalez–Ceballos") petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming an Immigration Judge's ("IJ") conclusion that he is removable and ineligible for cancellation of removal for having committed a controlled substances offense that qualifies as an aggravated felony. We deny the petition for review because Gonzalez–Ceballos's conviction qualifies as an aggravated felony. The facts of the case are known to the parties and we do not repeat them here.

### I

Gonzalez–Ceballos argues that the BIA erred in concluding that his Nevada state court conviction constitutes an aggravated felony under the Immigration and Nationality Act ("INA").[1] We "have jurisdiction to consider the limited question of whether a crime is an aggravated felony." *See Valencia v. Gonzales,* 439 F.3d 1046, 1048 (9th Cir.2006). The legal question whether an offense is an aggravated felony under the INA is reviewed de novo. *See*

1. The INA's definition of aggravated felony includes "illicit trafficking in a controlled substance (as defined in section 802 of Title 21), including a drug trafficking crime (as defined in section 924(c) of Title 18)." *See* 8 U.S.C. § 1101(a)(43)(B).

*Cazarez–Gutierrez v. Ashcroft,* 382 F.3d 905, 909 (9th Cir.2004).

■ We apply the modified categorical approach to determine whether Gonzalez–Ceballos was convicted of each of the elements of the generically defined crime under the INA. *See Martinez–Perez v. Gonzales,* 417 F.3d 1022, 1025–26 (9th Cir. 2005). We consider the charging document ("Amended Information") and the Guilty Plea Memorandum. The Guilty Plea Memorandum signed by Gonzalez–Ceballos specifies that the offense to which he was pleading guilty is "more fully alleged in the charges filed against [him]." [2] Read together, the Amended Information and Guilty Plea Memorandum unequivocally establish that Gonzalez–Ceballos pleaded guilty to drug trafficking and not just possession. *See United States v. Vidal,* 504 F.3d 1072, 1087 (9th Cir.2007) (en banc) ("In order to identify a conviction as the generic offense through the modified categorical approach, when the record of conviction comprises only the indictment and the judgment, the judgment must contain the critical phrase 'as charged in the Information.' " (internal quotation omitted)).

■ A state drug offense "is an aggravated felony for immigration purposes only if it would be punishable as a felony under federal drug laws or the crime contains a trafficking element." *See Cazarez–Gutierrez,* 382 F.3d at 912. The facts contained in the Amended Information show that Gonzalez–Ceballos "retrieved the methamphetamine from" another defendant and "exchanged the methamphetamine for money." These actions satisfy both alternatives. *See* 21 U.S.C. § 841(b)(1)(B)(viii) (indicating a five year minimum prison term for distribution of five grams or more of methamphetamine); *Rendon v. Muka-*

*sey,* 520 F.3d 967, 974–75 (9th Cir.2008) (defining trafficking as "some sort of commercial dealing" in finding that a state level drug offense qualified as an aggravated felony (quoting *Lopez v. Gonzales,* 549 U.S. 47, 127 S.Ct. 625, 630, 166 L.Ed.2d 462 (2006))). We lack jurisdiction to review Gonzalez–Ceballos's final order of removal because Gonzalez–Ceballos was convicted of an aggravated felony.

■ We also lack jurisdiction to review a final order of removal by reason of conviction for an offense relating to controlled substances. *See Cazarez–Gutierrez,* 382 F.3d at 918. Gonzalez–Ceballos's conviction for trafficking of methamphetamine qualifies as such a criminal offense. *See id.* Review is denied because we lack jurisdiction to consider any non-jurisdictional questions. *See, e.g., id.* at 919.

**Petition for Review DENIED.**

---

**2.** In addition to the language in the Guilty Plea Memorandum, the Judgment itself specifies "as charged in Count II of the Amended Information."