MEMORANDUM **
Wilmer Salvador Aleman, a native and citizen of El Salvador, petitions for review of an order of the Board of Immigration Appeals (“BIA”) dismissing an appeal of the Immigration Judge’s (“IJ”) decision finding that Aleman’s conviction under California law for assault with a deadly weapon qualified as an aggravated felony as defined by INA § 101(a)(43)(F), 8 U.S.C. § 1101(a)(43)(F), and constituted a “particularly serious crime,” therefore, denying him asylum and withholding of removal. The BIA also found that the IJ did not err in determining Aleman had not demonstrated that he was entitled to deferral of removal under the Convention Against Torture (“CAT”).
Our jurisdiction is governed by section 242 of the Immigration and Nationality Act (“INA”), 8 U.S.C. § 1252 (2000), as amended by the Real ID Act of 2005, Pub.L. No. 109-13, Div. B, § 106,119 Stat. 231. Our review is limited by INA § 242(a)(2)(C), 8 U.S.C. § 1252(a)(2)(C), which in part provides that “no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed” certain criminal offenses, including aggravated felonies. Whether an offense qualifies as an aggravated felony is a question of law over which we have jurisdiction. See Valencia v. Gonzales, 439 F.3d 1046, 1048 (9th Cir.2006).
Following his conviction under California law, Aleman was initially sentenced to serve 365 days’ local confinement in the county jail, five years’ imprisonment suspended and five years of formal probation. In its August 8, 2006 order, the BIA, citing Exhibit 13 at Commitment Order, stated that “[o]n January 27, 2006, the respondent’s sentence was modified nunc pro tunc to 364 days of imprisonment, 5 years suspended sentence, and 5 formal years of probation.” However, Exhibit 13 addresses neither the five-year suspended sentence nor the term of probation. Aleman contends that because of the sentence modification, his conviction no longer qualifies as an aggravated felony. We conclude that the parties should be allowed to argue the significance of Exhibit 13 to the BIA in the first instance. Accordingly, we grant *463 the petition and remand regarding the significance of the nunc pro tunc order under California law and for immigration purposes.
Aleman also seeks deferral of removal under the CAT, pursuant to 8 C.F.R. § 1208.17(a). We review whether the IJ’s denial of deferral of removal under the CAT is supported by substantial evidence. See Bellout v. Ashcroft, 363 F.3d 975, 979 (9th Cir.2004). Aleman does not identify any objective evidence tending to show that it is more likely than not that he would be tortured if returned to El Salvador. We conclude that the IJ’s factual findings in denying deferral of removal under the CAT are supported by substantial evidence.
Petition DENIED in part, GRANTED and REMANDED in part.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.