FERNANDEZ, Circuit Judge,
concurring:
I concur in the result, but not in all of the reasoning of the majority opinion. I concur in part I and in the portion of part II before IIA First. As to part IIA First (majority opinion at pages 7 to 8), I do not agree. The guideline definition indicates that it applies to forcible sex offenses, which include those where “consent ... is not legally valid.” USSG § 2L1.2, comment. (n.l(B)(iii)) (Nov.2011). We have declared that minors are “legally incapable of consent.” Valencia v. Gonzales, 439 F.3d 1046, 1051 (9th Cir.2006); see also Estrada-Espinoza v. Mukasey, 546 F.3d 1147, 1154 (9th Cir.2008) (en banc). As I see it, if a child is “legally incapable of consent,” that child’s “consent ... is not legally valid,” and no amount of judicial sortilege will make it so.
That said, I do agree with the discussion in parts IIA Second (majority opinion at pages 9 to 10, insofar as it discusses statutory rape) and Third (majority opinion at page 10). Moreover, I agree with part IIB. See United States v. Gomez, 732 F.3d 971, 987-89 (9th Cir.2013). Finally, because the government has conceded that it has no more evidence to produce, I agree with part III.
Thus, I respectfully concur in the result.