**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee,*

v.

DAVID LOPEZ-MONTANEZ,
  *Defendant-Appellant.*

No. 04-50260

D.C. No.
CR-03-03333-MJL

OPINION

Appeal from the United States District Court
for the Southern District of California
M. James Lorenz, District Judge, Presiding

Argued and Submitted
June 8, 2005—Pasadena, California

Filed August 26, 2005

Before: Betty B. Fletcher, Pamela A. Rymer and
Raymond C. Fisher, Circuit Judges.

Opinion by Judge Fisher

## COUNSEL

Vincent J. Brunkow, Federal Defenders of San Diego, Inc., San Diego, California, for the defendant-appellant.

Kevin Mulcahy and Matthew Gardner, Assistant United States Attorneys, San Diego, California, for the plaintiff-appellee.

## OPINION

FISHER, Circuit Judge:

This case presents the question of whether a prior felony conviction under California's sexual battery statute, Cal. Penal Code, § 243.4(a), constitutes a "crime of violence" under the federal Sentencing Guidelines' provision governing sentences for unlawful reentry into the United States, U.S.S.G. § 2L1.2. The district court found that a conviction under the California statute was a "forcible sex offense" and thus a "crime of violence" for purposes of § 2L1.2. We disagree, and hold that a conviction under the California sexual battery statute is not a categorical crime of violence under § 2L1.2(b)(1)(A). Applying this circuit's modified categorical approach, we also hold that the government did not adequately prove that the appellant's California conviction *in fact* qualified as a crime of violence. Accordingly, we reverse the district court's judgment, vacate the sentence and remand for resentencing.[1]

## I.

In February 2004, a jury found the appellant, David Lopez-Montanez, guilty of illegally reentering the United States after having been previously removed, a violation of 8 U.S.C. § 1326. Prior to sentencing, Lopez-Montanez filed objections to the Presentence Report ("PSR"). Specifically, he argued that his 1993 conviction for sexual battery under Cal. Penal Code § 243.4(a) did not qualify as a crime of violence. The district court disagreed, and found that a conviction under Cal. Penal Code § 243.4(a) is categorically a crime of violence and, under the modified categorical approach, the documents submitted by the government demonstrated that Lopez-Montanez's offense in fact qualified as a crime of violence.

---

[1]We address Lopez-Montanez's other claims in a separate memorandum disposition filed concurrently with this opinion.

Applying the Sentencing Guidelines' crime of violence enhancement, the district court sentenced Lopez-Montanez to 46 months' imprisonment, followed by three years of supervised release. Lopez-Montanez appeals this determination.[2]

## II.

[1] Following a conviction for illegal reentry, a 16-level increase in the offense level is required if the defendant was previously removed after conviction for a "crime of violence." U.S.S.G. § 2L1.2(b)(1)(A). According to the Application Notes to § 2L1.2: "Crime of violence"—

> (I) means an offense under federal, state, or local law that has as an *element the use, attempted use, or threatened use of physical force against the person of another*; and

> (II) includes murder, manslaughter, kidnapping, aggravated assault, *forcible sex offenses* (including sexual abuse of a minor), robbery, arson, extortion, extortionate extension of credit, and burglary of a dwelling.

U.S.S.G. § 2L1.2, cmt. n.1(B)(ii) (2002) (emphasis added).[3]

---

[2]We review de novo a district court's decision to use a prior conviction for sentencing purposes. *See United States v. Trinidad-Aquino*, 259 F.3d 1140, 1142 (9th Cir. 2001).

[3]While the Sentencing Guidelines have been amended, the parties agreed to use the language of the 2002 Guidelines as this was the definition at the time of the offense. The amendment has no impact in this case. The new definition provides,

> "Crime of violence" means any of the following: murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, statutory rape, sexual abuse of a minor, robbery, arson, extortion, extortionate extension of credit, burglar of a dwelling, or any offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 2L1.2, cmt. n.1(B)(iii) (2003).

We have explained that "the force necessary to constitute a crime of violence [ ] must actually be violent in nature." *Ye v. INS*, 214 F.3d 1128, 1133 (9th Cir. 2000) (internal quotation marks omitted).

**[2]** Lopez-Montanez contends that his prior conviction under the California sexual battery statute does not fall within the Guidelines' definition of a crime of violence because it criminalizes conduct that does not involve the requisite use of physical force. The statute of conviction provides:

> Any person who *touches* an intimate part of another person while that person is *unlawfully restrained* by the accused or an accomplice, and if the touching is *against the will of the person touched* and is for the purpose of sexual arousal, sexual gratification, or sexual abuse, is guilty of sexual battery.

Cal. Penal Code § 243.4(a) (emphasis added).

**[3]** In determining whether a prior conviction is a qualifying offense for sentencing enhancement purposes, we apply the categorical approach set forth in *Taylor v. United States*, 495 U.S. 575 (1990). *See, e.g.*, *United States v. Pimentel-Flores*, 339 F.3d 959, 967-68 (9th Cir. 2003) (discussing this court's application of the *Taylor* analysis to the imposition of various sentencing enhancements in the Guidelines). Under *Taylor*'s categorical approach, we "look only to the fact of conviction and the statutory definition of the prior offense," not to the underlying facts. *United States v. Corona-Sanchez*, 291 F.3d 1201, 1203 (9th Cir. 2002) (en banc) (internal quotation marks and citation omitted).

**[4]** We conclude that a conviction under the California sexual battery statute is not a categorical crime of violence because the statute is overly inclusive in two respects. First, the touching referred to in § 243.4(a) does not require the use of force. Under the statute, it is sufficient that the defendant

initiate physical contact with an intimate body part of the victim. *See* Cal. Penal Code § 243.4(f) (" '[T]ouches' means physical contact with the skin of another person whether accomplished directly or through the clothing of the person committing the offense."). In *Singh v. Ashcroft*, 386 F.3d 1228, 1233 (9th Cir. 2004), we held that an offense under the Oregon harassment statute was not a categorical crime of violence because it did not involve the requisite use of force and "can be made out based on an ephemeral touching, so long as it is offensive." Similarly, under the California sexual battery statute, the touching may be "ephemeral," or committed without the use of force.

**[5]** Second, although the statute requires that the victim be "unlawfully restrained," the restraint need not be physical and can be accomplished by words alone, including words that convey no threat of violence. For example, in *People v. Grant*, 10 Cal. Rptr. 2d 828, 830-33 (Ct. App. 1992), the defendant came up to a car in which the victim and her boyfriend were parked, told them that he worked with the police and also for the owner of the property where the car was parked and ordered the victim to the rear of the vehicle, where he touched the victim, placing his hands inside her shirt and pants. The court rejected the defendant's argument that the "unlawfully restrained" element required an implied threat of physical force or violence, stating:

> [o]nce again defendant posits a definition that is too restrictive. He equates force or threat of force with personal violence and threats of personal violence. *There are many situations where one is compelled, i.e., forced, to do something against one's will but the compulsion does not involve personal violence or threats of personal violence.* This is especially true when the person involved in the compulsion is an *authority figure* or posing as a person in authority. The force is a *psychological force* compelling the

victim to comply with the orders of the authority fig-
ure.

10 Cal. Rptr. 2d at 833 (emphasis added); *People v. Arnold,*
7 Cal. Rptr. 2d 833, 840 (Ct. App. 1992) (holding that "un-
lawful restraint" was established when a high school teacher
blocked one exit to a gymnasium even though the victim was
able to leave through an alternate exit).

The government relies on *United States v. Pereira-*
*Salmeron*, 337 F.3d 1148 (9th Cir. 2003), and its progeny for
the proposition that "forcible sexual offenses" need not
involve force because there is a substantial *potential* for vio-
lence. This argument, however, is unavailing under our case
law. In *Pereira-Salmeron*, we held that a Virginia statute that
criminalized the sexual abuse of a minor without the use of
force was a crime of violence because § 2L1.2 specifically
listed sexual abuse of a minor as a per se crime of violence.
We distinguished between sexual abuse of a minor, which
does *not* require the use of force, and "forcible sex offenses,"
which do. *Pereira-Salmeron*, 337 F.3d at 1152 ("If the Sen-
tencing Commission intended [the crime of violence defini-
tion] to apply to 'sexual abuse of a minor' only when that
crime involved the use of physical force, it would have been
surplusage to include it in a parenthetical, because such a
crime would have already have been covered by the term
'forcible sex offenses.' "); *see also United States v. Granbois*,
376 F.3d 993, 996 (9th Cir. 2004) ("[T]he phrase 'sexual
abuse of a minor' . . . was intended to include abuse that does
not include the use of force: 'Thus, an offense constituting
"sexual abuse of a minor," whether it includes — or even
explicitly excludes — "force" as an element, is deemed to be
a "forcible sex offense" and thus a "crime of violence" for the
purposes of this Guideline.' ") (citation omitted).

*Pereira-Salmeron* and its progeny thus stand for the propo-
sition that the commission of sexual abuse of a minor consti-
tutes a crime of violence even if the statute of conviction does

not require the use of force. Neither our case law nor the statute, however, supports the proposition that the commission of a "forcible sex offense[ ]" against an individual who is *not a minor* constitutes a crime of violence if the statute of conviction does not require the use of force. We therefore reject the government's invitation to read out "forcible" from "forcible sex offenses."

We note that in *Lisbey v. Gonzales*, 04-70557, 2005 WL 2000975 (9th Cir. 2005), we held that sexual battery was a crime of violence under 18 U.S.C. § 16(b) and therefore an aggravated felony as that term is defined in 8 U.S.C. § 1101(a)(43)(F). *Lisbey* does not conflict with our reading of the Sentencing Guideline section at issue here, however. In *Lisbey* we were applying the definition of aggravated felony under a provision of the Immigration and Nationality Act, 8 U.S.C. § 1227(A)(2)(A)(iii). For purposes of that Act, aggravated felony includes "a crime of violence" and crime of violence is, in turn, defined in 18 U.S.C. § 16. Section 16 has two parts: the first, § 16(a), traces, almost entirely, the language of § 2L1.2(b)(1)(A)'s definition of crime of violence, whereas the second, § 16(b),[4] provides an additional definition not contained in §2L1.2(b)(1)(A). *Lisbey* held that sexual battery was a crime of violence under the terms of § 16(b); but consistent with our reasoning here, it also held that "[Cal. Penal Code § 243.4(a)] has *no requirement of actual or threatened physical force and is therefore not a 'crime of violence' within the meaning of § 16(a)*." 2005 WL 2000975 at *2 (emphasis added). Because an individual could be convicted under § 243.4(a) by using his or her authority to restrain another — without the use or threatened use of physical force — the statute also does not constitute a categorical crime of violence within the meaning of U.S.S.G. § 2L1.2(b)(1)(A).

---

[4]"(b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 16(b).

**[6]** When the statute of conviction is overly inclusive, we may "look a little further" and "consider whether other documentation and judicially noticeable facts demonstrate that the offense was, indeed, within the Guidelines' definition." *United States v. Shumate*, 329 F.3d 1026, 1029 (9th Cir. 2003), *as amended by* 341 F.3d 852 (9th Cir. 2003). The purpose of this "modified categorical approach is to determine if the record unequivocally establishes that the defendant was convicted of the generically defined crime, even if the statute defining the crime is overly inclusive." *Corona-Sanchez*, 291 F.3d at 1211.

We may appropriately consider certain kinds of documentation and judicially noticeable facts when determining whether a conviction is a predicate conviction for enhancement purposes, "such as the indictment, the judgment of conviction, jury instructions, a signed guilty plea, or the transcript from the plea proceedings." *United States v. Rivera-Sanchez*, 247 F.3d 905, 908 (9th Cir. 2001) (en banc) (quoting *United States v. Casarez-Bravo*, 181 F.3d 1074, 1077 (9th Cir. 1999)).

**[7]** The government contends that the judicially noticeable documents before the district court demonstrate that Lopez-Montanez's conviction constituted a crime of violence. The government cites to: (1) the charging document for the 1993 sexual battery; (2) the application for probation, judgment and sentencing and the order of probation; and (3) the transcript of the plea colloquy. None of these documents, however, sufficiently demonstrates that Lopez-Montanez committed the offense by use of physical force. Count II of the charging document, to which Lopez-Montanez pled no contest, simply restates the language of the statute.[5] The judgment, sentencing

---

[5]The charging document recites: "David Lopez Montonez [sic] . . . did willfully and unlawfully touch an intimate part of [the victim] while said person was unlawfully restrained by said defendant . . . against the will of said person and for the purpose of sexual arousal, sexual gratification, and sexual abuse, in violation of Section 243.4(a) of the Penal Code, a felony."

document and the order of probation merely state that Lopez-Montanez pled no contest to § 243.4(a). The plea colloquy also fails to demonstrate that Lopez-Montanez committed the offense through the use of force. His lawyer stated that Lopez-Montanez contended "all along that [the sexual battery] was actually consensual, but since the woman didn't feel that she had given her consent, he felt, and he expressed . . . shame."

**[8]** The government further argues that the probation report and recommendation demonstrate that Lopez-Montanez's particular crime was a crime of violence. However, "a presentence report reciting the facts of the crime is insufficient evidence to establish . . . the elements of the generic definition of a crime when the statute of conviction is broader than the generic definition." *Corona-Sanchez*, 291 F.3d at 1212; *see also United States v. Shepard*, 125 S. Ct. 1254, 1257 (2005) ("We hold that . . . a [sentencing court] determining the character of an admitted [crime under the modified categorical approach] is generally limited to examining the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any *explicit factual finding* by the trial judge to which the defendant assented.") (emphasis added).

**[9]** The government asserts that the probation report may be used in this case because the trial judge expressly considered and adopted it at the sentencing hearing, and Lopez-Montanez never objected to its accuracy. The transcript of the plea colloquy hearing, however, does not comport with the government's characterization. The court simply stated that it read and considered the probation officer's report and recommendation, but it did not make any explicit factual findings based on the report. Moreover, the probation report consists of a summary of the Sheriff's Department's report, the kind of report the Supreme Court recently concluded was not a judicially noticeable document under the modified categorical approach. *See Shepard*, 125 S.Ct. at 1257 (holding that a sentencing court cannot look to police reports or complaint appli-

cations to determine whether an earlier guilty plea necessarily admitted, and supported a conviction for, the generic crime). Based on the judicially noticeable documents before the district court, without other admissible clarifying evidence, the government did not sufficiently establish that Lopez-Montanez's prior conviction qualified as a crime of violence.

## III.

**[10]** Absent evidence proving that Lopez-Montanez's actual conviction under California's over-inclusive statute encompassed the requisite use of force to constitute a crime of violence, the district court erred when it applied the 16-level sentencing enhancement. Accordingly, we **REVERSE** the district court's imposition of the enhancement, **VACATE** the sentence and **REMAND** for resentencing in light of this opinion and the memorandum disposition filed concurrently with this opinion.