**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Jesus FLORES–CORREA, Defendant—
Appellant.**

No. 04–30429.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 20, 2005.*

Decided Nov. 2, 2005.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*   Fed. R.App. P. 34(a)(2).

Rafael M. Gonzalez, Jr., USBO–Office of the U.S. Attorney, Boise, ID, for Plaintiff–Appellee.

J. D. Merris, Boise, ID, for Defendant–Appellant.

Before: BRUNETTI and MCKEOWN, Circuit Judges, and KING,** Senior Judge.

MEMORANDUM ***

Jesus Flores–Correa appeals the sentence imposed following his guilty plea to illegal reentry in violation of 8 U.S.C. § 1326. He contends that the government failed to meet its burden of establishing that his 1988 drug conviction under Cal. Health & Safety Code § 11352 qualifies as a "drug trafficking offense" for purposes of a 16–level enhancement under U.S.S.G. § 2L1.2(b)(1)(A).

It is undisputed that § 11352 is over-inclusive under the categorical approach of *Taylor v. United States*, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). *See United States v. Rivera–Sanchez*, 247 F.3d 905, 909 (9th Cir.2001) (en banc) (holding that § 11352 is broader than the federal "drug trafficking" statutes because it includes solicitation). We therefore apply

*Taylor's* modified categorical approach to determine whether Flores–Correa's prior conviction necessarily qualifies as a predicate offense under U.S.S.G. § 2L1.2(b)(1)(A). *United States v. Lopez–Montanez*, 421 F.3d 926, 928, 931 (9th Cir.2005).

We conclude that the documents and judicially noticeable facts presented to the district court do not satisfy the government's burden of establishing "clearly and unequivocally"—not merely by a preponderance of the evidence—that "the conviction was based on all of the elements of a qualifying predicate offense." *United States v. Navidad–Marcos*, 367 F.3d 903, 908 (9th Cir.2004); *see also Shepard v. United States*, — U.S. —, —, —, 125 S.Ct. 1254, 1260, 1261, 161 L.Ed.2d 205 (2005) (requiring that the conviction "necessarily" rest on generic elements, as evidenced by "records of the convicting court approaching the certainty of the record of conviction in a generic crime State"); *United States v. Von Brown*, 417 F.3d 1077, 1079 (9th Cir.2005) (per curiam) (deeming the categorization of a prior offense "a legal question, not a factual question"). Although the 1988 California verdict form and Flores–Correa's written plea agreement in the instant case each expressly state that he was convicted of "Sale of Cocaine" (capitalization in originals), the verdict form also contains the modifier "as charged in the information." In the absence of the information and/or jury instructions limiting the predicate acts necessarily found by the jury under California's over-inclusive statute, the verdict form and Flores–Correa's limited admissions are insufficient to satisfy the government's burden. *See Taylor*, 495 U.S. at

---

** The Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation.

602, 110 S.Ct. 2143; *Navidad–Marcos,* 367 F.3d at 909; *see also United States v. Franklin,* 235 F.3d 1165, 1170 n. 5 (9th Cir.2000).

"The government will have the opportunity at re-sentencing to offer additional judicially-noticeable evidence to support the enhancement." *Navidad–Marcos,* 367 F.3d at 909. Of course, resentencing also must be conducted under an advisory guidelines regime. *United States v. Booker,* —— U.S. ——, ——, 125 S.Ct. 738, 769, 160 L.Ed.2d 621 (2005). We leave it to the district court to consider in the first instance any issues regarding the application of *Taylor* under an advisory guidelines regime.

Accordingly, we REVERSE the district court's imposition of the enhancement, VACATE the sentence, and REMAND for resentencing.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Richard D. Cudahy, Senior United States Circuit Judge for the Seventh Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the