FILED
United States Court of Appeals
Tenth Circuit

June 3, 2009

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

FRANCISCO JAVIER GONZALEZ-JAQUEZ,

Defendant-Appellant.

No. 08-2218

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
(D.C. NO. 07-CR-1415 JH)**

---

Joel M. Carson III, Roswell, New Mexico for Defendant-Appellant.

Laura Fashing, Assistant U.S. Attorney (Gregory J. Fouratt, United States Attorney with her on the brief), Albuquerque, New Mexico for Plaintiff-Appellee.

---

Before **LUCERO**, **HOLLOWAY** and **McCONNELL**, Circuit Judges.

---

**McCONNELL**, Circuit Judge.

---

Appellant asks us to remand his case for re-sentencing because of the district court's impermissible reliance on the pre-sentencing report (PSR) to determine that he had committed a "crime of violence." We affirm.

## I. Facts

On July 20, 2007, Javier Gonzalez-Jaquez (hereinafter "Mr. Gonzalez"), pled guilty to illegally re-entering the United States. The probate officer prepared a PSR, recommending a sixteen level enhancement based on Mr. Gonzalez's prior California state conviction for sexual battery, which it deemed a "crime of violence." *See* U.S.S.G. § 2L1.2(b)(1)(A)(ii) (recommending a sixteen level increase for a "crime of violence"). The PSR did not quote or cite the California statute under which Mr. Gonzalez had been convicted, but it did describe in some detail the facts of Mr. Gonzalez's sexual battery. In its sentencing memorandum, the government quoted the California statute under which Mr. Gonzalez was convicted, and provided the citation: "California Penal Code § 243." R. Vol. 1, 48–49. Defense counsel did not challenge the description of the crime in the PSR or the government's quotation of the statute.

At the sentencing hearing, the trial court asked defense counsel whether there were objections to "any of the facts contained in the presentence report." Defense counsel answered: "Judge, no factual objections to note." Sent. Hr. Tr. 3. The court then ruled: "There being no factual objections, the Court will adopt the factual findings that are contained in the presentence report . . . ." *Id.* Defense counsel then argued that the court should not apply the sixteen level enhancement because this "is the harshest and highest offense level enhancement anywhere in the guidelines." *Id.* at 4. He explained that Mr. Gonzalez was

"never ultimately advised of the harsh consequences [he would be] facing should [he] return" to the United States, and that he pled guilty to the sexual battery charged, thinking that the only consequence would be to receive a probationary sentence and be deported. *Id.* Counsel argued that if the sixteen-level enhancement were applied, the resulting sentence would "go[] beyond the sentencing goals of 3553." *Id.* at 5. He concluded by asking for "a further variance in this case," specifically referring to the *Booker* decision. *Id.* at 6.

The court, "[a]fter reviewing both the language of the California statute as well as the submissions by counsel," deemed the enhancement properly applied to Mr. Gonzalez. *Id.* at 7. He was sentenced to a 41-month prison term plus two years of supervised release. *Id.* at 9. Mr. Gonzalez appeals, largely on the ground that nothing in the record supports the conclusion that his prior offense was a crime of violence.

## II. Standard Of Review

As Defendant notes, "[t]here is a potential preservation issue in this case." Aplt. Br. 8. Under our precedents, defense counsel's statement to the district court that he had "no factual objections to note" to the PSR, coupled with his failure to argue that his California sexual battery offense was not a crime of violence, was a forfeiture of the argument, enabling this court to review for plain error only. *United States v. Zubia-Torres*, 550 F.3d 1202, 1205 (10th Cir. 2008); *United States v. Tisdale*, 248 F.3d 964, 975 (10th Cir. 2001).

Defendant argues, however, that several comments made by defense counsel should be construed as raising an objection to the applicability of the sixteen-level enhancement. He points in particular to defense counsel's statement that the enhancement was the "larger problem" in this case. He also points to the district court's conclusion that the enhancement in this case "has been correctly applied," Sent. Hr. Tr. 7, from which he asks us to infer that there must have been an objection that was not correctly applied. Aplt. Rep. Br. 7.

We cannot agree. Even giving defense counsel's argument a generous construction, the record makes clear that counsel was not arguing that the enhancement did not apply. Counsel made a powerful case that the enhancement was harsh in general and unfair under the circumstances. But this was in service of an argument that the court should exercise its discretion to grant "a further variance in this case." That is not a legal argument that Mr. Gonzalez's offense was not a crime of violence. We therefore review for plain error.

**III. Whether California Penal Code § 243.4(a) Is A Crime Of Violence**

Defendant offers two arguments in support of his appeal: (1) that California Penal Code section 243.4(a) is not a crime of violence, and (2) that the record did not clearly show that his prior offense was a violation of California Penal Code section 243.4(a). We turn in this section to the first argument.

California Penal Code section 243.4(a) provides:

> Any person who touches an intimate part of another person while that person is unlawfully restrained by the accused or an accomplice, and if the touching is against the will of the person touched and is for the purpose of sexual arousal, sexual gratification, or sexual abuse, is guilty of sexual battery.

Defendant argues that this offense is not categorically a crime of violence because it could include non-violent touching. In support of this argument, he cites the Ninth Circuit's decision in *United States v. Lopez-Montanez*, 421 F.3d 926 (9th Cir. 2005). Like Mr. Gonzalez, Mr. Lopez-Montanez was convicted under California Penal Code section 243.4(a). The Ninth Circuit rejected the government's contention that this statute was categorically a crime of violence on two grounds. First, it reasoned that the "touching" involved need not involve the use of force: the touching could be "ephemeral," but still covered by the statute so long as it was offensive. *Id*. Second, the court stated that the "unlawful restraint" mentioned in the statute did not need to be physical, because it could have been "accomplished by words alone, including words that convey no threat of violence." *Id*. The court cited an example of a person who had "unlawfully restrained another" by exerting "psychological force," without threatening physical force or violence. *Id*. at 929–930 (discussing and quoting *People v. Grant*, Cal. Rpt. 2d 828, 830–33 (Ct. App. 1992)). Because Mr. Lopez-Montanez's crime under the statute might not have involved any physical force, the Ninth Circuit vacated his sentence and remanded the case for examination of judicial records to determine the nature of the charges on which he was convicted.

-5-

*Id.* at 932; *see Taylor v. United States*, 495 U.S. 575, 602 (1990); *United States v. Romero-Hernandez*, 505 F.3d 1082, 1086 (10th Cir. 2007); *United States v. Martinez-Hernandez*, 422 F.3d 1084, 1086–87 (10th Cir. 2005).

Defendant's argument is foreclosed by this court's decision in *Romero-Hernandez*. That case involved a Colorado statute that prohibited, among other things, sexual contact if "[t]he actor knows that the victim does not consent." Colo. Rev. Stat. § 18-3-404(1)(a). This court held that violation of this statute is categorically a "forcible sex offense" and thus a "crime of violence," even if not committed by means of actual physical compulsion. "When an offense involves sexual contact," we wrote, "it is necessarily forcible when that person does not consent." *Id.* at 1089. The court reasoned that the term "force," as used in the Sentencing Guideline, extends beyond physical compulsion to include cases "where one party has sufficient control of a situation to overcome . . . another's free will." *Id.* at 1088. In reaching this holding, the court noted that other circuits had divided on this issue, and explicitly rejected the Ninth Circuit's view that the enhancement does not apply in the absence of force that is violent in nature. *Id.* at 1087–88.

It follows that California Penal Code section 243.4(a) is also categorically a crime of violence. That section of the sexual battery statute applies only "if the touching is against the will of the person touched." Under the reasoning of *Romero-Hernandez*, that is enough to make it a crime of violence. Indeed, in his

-6-

oral argument before this court, counsel for Mr. Gonzalez conceded that under

*Romero-Hernandez* he would lose, indicating that Mr. Gonzalez's crime was at

least a "lack of consent" crime, and so a crime of violence under our precedent.[1]

### IV. Whether The Record Demonstrates That Defendant Violated California Penal Code § 243.4(a)

Finally, Defendant argues that the record does not support the conclusion

that his prior offense was a violation of California Penal Code section 243.4(a).

The PSR did not explicitly cite or quote the statute of conviction, though it did

describe the facts of the crime. Mr. Gonzalez contends that the statute under

which he was convicted was ambiguous because "[t]he California sexual battery

statute, codified at Cal. Penal Code § 243.4 has four discrete subsections, all of

which do not require as an element the use of force . . . ." Aplt. Br. 10. He relies

on *United States v. Bonilla-Mungia*, 422 F.3d 316 (5th Cir. 2005). There the

court faced a case similar to Mr. Gonzalez's, involving the same statute. Because

the record did not indicate "which subsection of § 243.4 applies to Bonilla's

conviction," the court was "unable to determine whether his crime-of-violence

enhancement is sustainable," and remanded to the district court. *Id*. at 320–21.

---

[1] COURT: "Wait a second. I mean, Sexual battery. I mean, just looking at it facially, that carries non-consensual contact, doesn't it?" COUNSEL: "Yes it does. Judge, if you determine that the evidence before the district court was sufficient for the judge to determine as a categorical matter that this was 243 and it was a categorical crime of violence, I lose under *Romero-Hernandez*."

Under this court's precedents, no such remand is necessary on plain error review. Because Mr. Gonzalez did not object to application of the "crime of violence" enhancement, he now bears the burden of showing that the district court's failure to require the government to present appropriate judicial documents establishing which subsection of § 243.4 Mr. Gonzalez was convicted under affected his substantial rights. *United States v. Zubia-Torres*, 550 F.3d 1202, 1208–10 (10th Cir. 2008); *United States v. Svacina*, 137 F.3d 1179, 1187 (10th Cir. 1998). "If the defendant had lodged a proper objection to the enhancement during the sentencing proceeding, the probation office and the government would have shouldered the burden of producing appropriate judicial documents to clarify the nature of [his] crime." *Zubia-Torres*, 550 F.3d at 1209. Having failed to do so, "neither the probation officer, the government, nor the district court had occasion to seek production of the necessary documents." *Id.* Like the defendant in *Zubia-Torres*, even on appeal Mr. Gonzalez has proffered no evidence from which we might conclude that his sentence was actually in error. *Id.*

There is an air of unreality about the exercise of wondering whether Mr. Gonzalez actually committed a crime of violence. *See United States v. Virgen-Chavarin*, 350 F.3d 1122, 1132–33 (10th Cir. 2003) (calling a remand for resentencing "meaningless" where there was no basis to conclude that a different result would obtain). It seems clear from the sentencing transcript that everyone

understood the nature of the prior offense, including counsel for Mr. Gonzalez: Mr. Gonzalez had been convicted of, and pled guilty to a crime of violence, and putting aside counsel's argument for a variance, he merited a sixteen-level enhancement. If defense counsel had objected to the characterization of the offense as a crime of violence, the burden would have been on the government to prove under which subsection of California's sexual battery statute Defendant was convicted. Having not done so, he cannot now force a remand without making a showing that characterization was incorrect.

## V. Conclusion

We **AFFIRM** the decision of the district court.