FILED
United States Court of Appeals
Tenth Circuit

May 5, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

VICTOR DELGADILLO-GALLEGOS,

     Defendant-Appellant.

No. 09-2188
(D.Ct. No. 1:08-CR-01847-JB-1)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]

Before **BARRETT**, **ANDERSON**, and **BRORBY**, Senior Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant-Appellant Victor Delgadillo-Gallegos pled guilty to one count of illegal reentry of a deported alien in violation of 8 U.S.C. § 1326(a)(1) and (2)

_____

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

and (b)(2). He now appeals his sentence of fifty-one months, arguing it is substantively unreasonable under the 18 U.S.C. § 3553(a) sentencing factors because: (1) it is "greater than necessary to advance the sentencing goals articulated in 18 U.S.C. § 3553(a)," including "retribution, deterrence, incapacitation, and rehabilitation"; (2) he merely reentered this country for the purpose of being with his children and to challenge a prior California conviction; and (3) he previously received a sentence for his offense of sexual battery, making a sixteen-level enhancement in the instant case unnecessary. We exercise jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291 and affirm Mr. Delgadillo-Gallegos's sentence.

## I. Procedural Background

On March 3, 2009, Mr. Delgadillo-Gallegos pled guilty, without entering into a plea agreement, to one count of illegal reentry of a deported alien in violation of 8 U.S.C. § 1326(a)(1) and (2) and (b)(2). Following his guilty plea, a probation officer prepared a presentence report calculating his sentence under the applicable 2008 United States Sentencing Guidelines ("Guidelines" or "U.S.S.G."). The probation officer set Mr. Delgadillo-Gallegos's base offense level at eight, pursuant to U.S.S.G. § 2L1.2(a), and increased his base level sixteen levels, pursuant to § 2L1.2(b)(1)(A)(ii), because he had previously been deported following a conviction for a crime of violence – a 2000 California

sexual battery offense against his now-former wife for which he received a four-year sentence on October 13, 2000, and was subsequently deported on July 16, 2003. The probation officer recommended a three-level offense reduction for acceptance of responsibility, for a total offense level of twenty-one, which, together with his criminal history category of V, resulted in a recommended Guidelines range of seventy to eighty-seven months imprisonment. Because six of Mr. Delgadillo-Gallegos's eleven criminal history points were generated from two misdemeanor convictions, including one for reckless driving resulting in thirty-six months probation and another for an alcohol-related offense for which he was in custody for eighty-six days, the probation officer noted Mr. Delgadillo-Gallegos's criminal history category may be over-represented, warranting a criminal history category of IV and a downward departure to a sentencing range of fifty-seven to seventy-one months imprisonment.

Mr. Delgadillo-Gallegos filed sentencing memoranda objecting to the presentence report on grounds his California conviction for sexual battery was not a crime of violence warranting the sixteen-level offense increase and, instead, the final offense level should be thirteen, which, together with a criminal history category of IV, would result in a Guidelines range of twenty-four to thirty months imprisonment. The government noted it agreed with the probation officer's recommended lower criminal history category of IV and a Guidelines range of

fifty-seven to seventy-one months imprisonment, but disagreed with Mr. Delgadillo-Gallegos's request for an even lower sentence.

At the sentencing hearing, Mr. Delgadillo-Gallegos's counsel acknowledged that after filing his objections to the presentence report this court issued a decision, *United States v. Gonzalez-Jaquez*, 566 F.3d 1250 (10th Cir. 2009), holding a conviction under the same California sexual battery statute at issue in the instant case, California Penal Code § 243.4(a), constituted a crime of violence, and counsel would be "hard-pressed to say that it's not a crime of violence." However, his counsel requested the district court "deviate" below the criminal history category of IV because: (1) Mr. Delgadillo-Gallegos did not get into trouble until he was thirty-one years old for a reckless driving offense; (2) the felony convictions he received for domestic abuse and sexual battery involved his former wife, and the other convictions consisted of misdemeanors; and (3) he only returned to the United States to see his children and contest his prior California conviction which resulted in the rescinding of his green card. Mr. Delgadillo-Gallegos also addressed the court and explained he did not use force during his sexual battery offense against his wife.

The district court deviated downward from the advisory Guidelines range of seventy to eighty-seven months imprisonment to fifty-seven to seventy-one

months imprisonment due to over-representation of his criminal history. It next considered the request for a variance and explained it did not believe the punishment set forth in the newly-reduced Guidelines range was "appropriate for this sort of offense" regarding sexual battery against his then-wife, but it also reasoned that it did "not believe it should vary greatly from the guideline sentence because Congress has expressed great concern about sexual offenses." Instead, it determined "a sentence of 51 months better reflects, than 57 months, the seriousness of this offense" and that it was "adequate to promote respect for the law, ... provide[ ] a more just punishment, and ... afford adequate deterrence and protect the public" and reflected each of the § 3553 factors. It also stated that it was "concerned that if it ... varie[d] more than that it [would] begin[ ] to deeply undercut what Congress is trying to express with these serious sentences for sexual crimes and crimes of violence." As a result, it determined a fifty-one-month sentence was "sufficient, without being greater than is necessary, to comply with the purposes of punishment set forth in the Sentencing Reform Act." The district court also explained its reasoning for the fifty-one-month sentence in a formal memorandum, noting the sexual offense involved Mr. Delgadillo-Gallegos's wife at that time and that while sexual crimes must be taken seriously, as instructed by Congress, it must also look at the circumstances presented. Accordingly, the district court sentenced Mr. Delgadillo-Gallegos to a below-Guidelines-range sentence of fifty-one months imprisonment.

## II.  Discussion

On appeal, Mr. Delgadillo-Gallegos argues the district court's imposition of a fifty-one-month sentence is "substantively unreasonable because it was greater than necessary to advance the sentencing goals articulated in 18 U.S.C. § 3553(a)" of "retribution, deterrence, incapacitation, and rehabilitation."  He further argues such a sentence is unreasonable for merely "illegally crossing a political boundary seeking to be with his children and to challenge a California conviction."  He asserts "[v]irtually all of the sentence is based, not on the offense of illegal re-entry, but on a prior offense for touching his wife sexually, an offense for which he was adequately punished previously."

We review a sentence for reasonableness, giving deference to the district court under an abuse of discretion standard.  *See United States v. Smart*, 518 F.3d 800, 802, 805-06 (10ᵗʰ Cir. 2008).  "Our appellate review for reasonableness includes both a procedural component, encompassing the method by which a sentence was calculated, as well as a substantive component, which relates to the length of the resulting sentence."  *Id.* at 803.  Mr. Delgadillo-Gallegos contests only the latter.  "A challenge to the sufficiency of the § 3553(a) justifications relied on by the district court implicates the substantive reasonableness of the resulting sentence."  *Id.* at 804.  If the sentence is within the correctly-calculated

Guidelines range, we may apply a presumption of reasonableness. *See United States v. Kristl*, 437 F.3d 1050, 1053-55 (10th Cir. 2006). The same presumption is applicable here, where the sentence is below the correctly-calculated Guidelines range. The defendant or the government may rebut this presumption by demonstrating the sentence is unreasonable when viewed under the § 3553(a) factors. *See id.* at 1054-55. The § 3553(a) factors include not only "the nature of the offense" but the history and "characteristics of the defendant, as well as the need for the sentence to reflect the seriousness of the crime, to provide adequate deterrence, to protect the public, and to provide the defendant with needed training or treatment ...." *Id.* at 1053; 18 U.S.C. § 3553(a).

With these principles in mind, we turn to Mr. Delgadillo-Gallegos's appeal and the substantive reasonableness of his sentence, given he does not contest the calculation of his sentence. Because his sentence is below the correctly-calculated Guidelines range, we apply a presumption of reasonableness. While Mr. Delgadillo-Gallegos has the burden of rebutting such a presumption by demonstrating his sentence is unreasonable in light of the sentencing factors in § 3553(a), he has failed to do so.

As the district court suggested, neither the fact he sexually battered his then-wife nor that he served a sentence for such battery significantly mitigates the

fact he committed a sexual battery offense, which Congress has deemed very serious. Nevertheless, the district court took those circumstances into consideration when it imposed a variant sentence of fifty-one months – well below the Guidelines range of fifty-seven to seventy-one months imprisonment and the initial seventy- to eighty-seven-month range reduced for over-representation of his criminal history. We will also not second-guess the district court by rehashing the underlying facts surrounding Mr. Delgadillo-Gallegos's prior sexual battery, especially where he pled guilty to that charge and presented argument which the district court considered and accepted in reducing his sentence. Mr. Delgadillo-Gallegos's family circumstance and desire to return to the United States to allegedly challenge his conviction are but two circumstances the district court considered, and it is clear it determined his criminal history and other § 3553(a) factors, including retribution, deterrence, incapacitation, and rehabilitation, outweighed such circumstances. Finally, not only are sexual offenses deemed serious, but so are crimes of reentry by ex-felons into this country, for which Congress has imposed a statutory maximum sentence of twenty years. *See* 8 U.S.C. § 1326(b)(2). Mr. Delgadillo-Gallegos's crime of illegal reentry following his conviction for a felony is no exception. Under the circumstances, we cannot say Mr. Delgadillo-Gallegos sufficiently rebutted the presumption his sentence is reasonable or that the district court otherwise abused its discretion in imposing a sentence below the applicable Guidelines range

resulting in a sentence of fifty-one-months imprisonment.

III. Conclusion

For these reasons, we **AFFIRM** Mr. Delgadillo-Gallegos's sentence.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge