**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50378 |
| Plaintiff - Appellee, | DC. No. 3:09-cr-03027-JLS-1 |
| v. | |
| JOSE MORENO-TOBAR, | MEMORANDUM[*] |
| Defendant - Respondent. | |

Appeal from the United States District Court
for the Southern District of California
Janis L. Sammartino, District Judge, Presiding

Argued and Submitted August 30, 2011
Pasadena, California

Before: SCHROEDER and GOULD, Circuit Judges, and SEEBORG, District Judge.[**]

Appellant Jose Moreno-Tobar ("Moreno") pleaded guilty to illegal re-entry

into the United States in violation of 8 U.S.C. § 1326, and was sentenced to a term

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Richard Seeborg, United States District Judge for the Northern District of California, sitting by designation.

of 60 months in prison, to be followed by three years supervised release. On appeal, Moreno contends the district court erred in determining that his prior conviction under California Penal Code § 243(d) for battery constituted a "crime of violence," thereby warranting a sixteen-level increase to his base offense level pursuant to § 2L1.2 of the United States Sentencing Guidelines ("U.S.S.G."or "the Guidelines"). We agree and remand for resentencing.

Whether a prior conviction constitutes a "crime of violence" under U.S.S.G. § 2L1.2(b)(1)(A)(ii) is a question of law that is subject to de novo review. *United States v. Grajeda*, 581 F.3d 1186, 1188 (9th Cir. 2009). The approach set forth in *Taylor v. United States*, 495 U.S. 575, 602, 110 S. Ct. 2143, 109 L. Ed.2d 607 (1990), governs the analysis of whether a defendant's prior conviction satisfies the Guidelines definition of a crime of violence. *United States v. Esparza-Herrera*, 557 F.3d 1019, 1022 (9th Cir. 2009) (per curiam). "Under this approach the state statute of conviction is 'compared with the generic definition of that crime to determine if the defendant's conviction is a crime of violence pursuant to the Sentencing Guidelines.'" *Id.* (*quoting United States v. Velasquez-Reyes*, 427 F.3d 1227, 1229 (9th Cir. 2005)).

The Application Note to section 2L1.2 of the Guidelines does not include the generic crime of "battery" among the specifically listed qualifying offenses, but it

extends the definition of "crime of violence" to include "any other offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 2L1.2 n. 1(b)(iii).[1]  The issue, therefore, is whether the California Penal Code sections under which Moreno was convicted "*require* intentional use, attempted use, or threatened use of force." *Grajeda*, 581 F.3d at 1191 (emphasis added).  Critically, "neither recklessness nor negligence is enough." *Id.*  Furthermore, the requisite force "must actually be violent in nature." *Id.* (*quoting United States v. Lopez-Montanez*, 421 F.3d 926, 929 (9th Cir. 2005)).

Section 242 of the California Penal Code defines "battery" as "any willful and unlawful use of force or violence upon the person of another."  The subdivisions of section 243, in turn, set out the punishments for acts of battery, depending on the particular circumstances in which they were committed.  Moreno pleaded guilty under section 243(d), which provides for a prison term of up to four years where "serious bodily injury is inflicted."

At first blush, it might appear that battery under the California Penal Code necessarily is a "crime of violence" given the use of the phrase "unlawful force or

---

[1]  This portion of the definition is sometimes referred to as the "element" prong or test, as contrasted to the "enumerated offense" prong.  *See Grajeda*, 581 F.3d at 1189-90.

violence" in the statutory definition. In *Ortega-Mendez v. Gonzales*, ("*Ortega*") 450 F.3d 1010 (9th Cir. 2006), however, this court firmly rejected any such reasoning. *Ortega* first observed that the disjunctive "force or violence" on its face is susceptible to an interpretation that non-violent force suffices. *Id.* at 1016. More importantly, as *Ortega* found, the California courts have consistently interpreted that phrase as "a term of art, requiring neither a force capable of hurting or causing injury nor violence in the usual sense of the term." *Id.* The California authorities on which *Ortega* relied included *People v. Colantuono,* 7 Cal.4th 206, 26 Cal. Rptr.2d 908, 865 P.2d 704 (1994), in which the state supreme court explained that, "[i]t has long been established, both in tort and criminal law, that the least touching may constitute battery. In other words, force against the person is enough, it need not be violent or severe . . . ." 7 Cal.4th at 214 n. 4; *see also, Ortega*, 450 F.3d at 1016–17 (listing additional California precedents).

In light of California's definition of "force or violence" in the context of battery, *Ortega* squarely held that a conviction under section 242 of the state's Penal Code can *not* be categorically deemed a "crime of violence" under the *Taylor*

4

approach. 450 F.3d at 1020.[2] In so holding, *Ortega* declined to follow a prior decision which found, without substantive analysis, that the language of section 242 supported a conclusion that a battery conviction represented a "crime of violence." *See Ortega*, 450 F. 3d at 1018–19 (discussing *United States v. Robinson*, 967 F.2d 287 (9th Cir. 1992)). The *Ortega* court concluded that in addition to having not fully considered the issue, *Robinson* could not be deemed good law as the result of intervening higher precedent. *Ortega*, 450 F.3d at 1020. Accordingly, Moreno's conviction for battery under the California Penal Code cannot be categorically deemed a crime of violence that would support imposition of a sixteen-level enhancement.[3]

---

[2] *Ortega* involved the definition of "crime of violence" found in 18 U.S.C. § 16(a), which applies to an alien's eligibility for cancellation of removal, rather than to sentencing enhancements under the Guidelines. This court, however, applies precedents from the 18 U.S.C. § 16(a) context to cases such as this one, because "the relevant definitions under § 16(a) and U.S.S.G. § 2L1.2 are identical." *Grajeda*, 581 F.3d at 1190 (*quoting United States v. Narvaez-Gomez*, 489 F.3d 970, 976 (9th Cir. 2007)).

[3] The fact that Moreno pleaded guilty under section 343(d) does not alter the analysis. While that provision applies when a battery has *resulted* in "serious bodily injury," there is still no requirement of a use of force that is "violent in nature." A non-violent but unlawful touching could result in serious bodily injury under any number of possible factual scenarios. *Cf. Grajeda*, 581 F.3d at 1192 (holding "crime of violence" definition to be satisfied categorically by statute requiring force "likely to produce great bodily injury" because, "such force must necessarily go beyond the 'least touching,' and represents 'actual force' that is violent in nature").

Pursuant to *United States v. Aguila-Montes De Oca*, __ F.3d__, No. 05-50170, 2011 WL 3506442, at \*11 (9th Cir. Aug. 11, 2011), upon concluding that a particular conviction is not categorically a crime of violence, the "modified categorical approach" is to be applied. There is no dispute here, however, that neither the amended information nor the abstract of judgment add anything of substance to the statutory language. As such, even under the modified categorical approach Moreno's conviction cannot be deemed to have been for a crime of violence. *See id.* at \*26 ("In short, conviction records for California burglary cannot demonstrate that a defendant was convicted of generic burglary unless they do something more than simply repeat the elements of California burglary."). Moreno's sentence must therefore be vacated and the matter remanded for re-sentencing.

Moreno's further contention that three criminal history points for California Vehicle Code violations were improperly assessed is not persuasive, as the Guidelines do not impose a knowledge requirement, and a *Taylor*-style analysis as to whether the California Vehicle Code provisions meet the Guidelines definition is not required. *See United States v. Ellsworth*, 456 F. 3d 1146, 1152 (9th Cir. 2006) ("a criminal history calculation is not predicated on the commission of an underlying generically defined crime."). Moreno's final argument that the claimed

6

errors culminated in a substantively unreasonable sentence is moot in light of the

conclusion that the battery conviction does not qualify as a "crime of violence."

**SENTENCE VACATED; REMANDED FOR RESENTENCING**.